YELVERTON, Judge.
This worker’s compensation suit by Johnny Ray Clay against his employer J.P. La-peyrouse, Inc., and its insurer, Louisiana Automobile Dealer’s Association Self Insurer’s Fund, was dismissed on defendants’ motion for summary judgment, because of the failure of plaintiff to comply with the claims resolution procedures of the 1983 Worker’s Compensation Act. The plaintiff appeals. We reverse and remand for further proceedings.
On November 25,1985, plaintiff filed this suit alleging that he had been injured in the course and scope of his employment on October 22, 1984, and reinjured at work on November 30, 1984, and that he had been denied benefits. The petition further alleged that the claim had been submitted to the Office of Worker’s Compensation for informal resolution but that the attempt had failed. On April 29, 1986, the defendants filed an answer generally denying plaintiff’s allegations. On May 16, 1986, defendants filed a motion for summary judgment alleging that plaintiff was entitled to no relief since his petition did not conform to the requirements of R.S. 23:1310.1 and 23:1311. The trial court granted the defendants’ motion for summary judgment by finding plaintiff lost his right of review of his claim since he failed to comply with R.S. 23:1310.1. At the hearing the evidence revealed that plaintiff received OWCA’s recommendation on February 9, 1985, and failed to notify the office of his rejection.
The issue on appeal is whether the trial court erred in granting defendants’ motion for summary judgment.
The applicable sections are as follows:
§ 1310.1 Processing of claims by office A. Upon receipt, every claim for benefits filed under this Chapter shall be evaluated by the office. Within thirty days after the receipt of the claim, the office shall issue its recommendation for resolution and provide the parties with a copy of the recommendation by certified mail, return receipt requested. Such recommendation shall be advisory only and may be admissible into evidence in any subsequent legal proceeding; however, the recommendation when admitted into evidence shall not be accorded any presumption of correctness as to the facts or the law. Within thirty days of receipt of the recommendation of the office, each party shall notify the office on a form to be provided by the director of the acceptance or rejection of the recommendation. A party failing to so notify the office shall be conclusively presumed to have accepted the recommendation of the office. Should any party notify the office that it rejects the recommendation, the office shall issue to each party a certificate that the claim was submitted to the office, that the parties attempted to informally resolve the claim, but that the office’s recommendation was rejected. Such certificate shall not set forth either the recommendation of the office or the name of the rejecting party or parties.
§ 1311. Period to file claim in court; place of filing in general; contents of petition
A. If any party rejects the recommendation of the office, the employee or his dependent shall present within sixty days of the receipt of the recommendation or within the period established by R.S. 23:1209, whichever occurs last, a verified petition to the district court which would have jurisdiction in a civil case, to the district court of the parish in which the injury was done or the accident occurred, *1108 to any court at the domicile or at the principal place of business of the defendant having jurisdiction of the amount in dispute, or to the district court of the parish in which the injured employee or his dependent is domiciled, at the option of the petitioner.
B. The verified petition shall set forth:
(1) The names and addresses of the parties.
(2) A statement of the time, place, nature, and cause of the injury, or such fairly equivalent information as will put the employer on notice with respect to the identity of the parties.
(3) The specific compensation benefit which is due but has not been paid or is not being provided.
(4) A statement that the claim for compensation has been submitted to the office for informal resolution and that such attempt to informally resolve the claim has failed.
C. The petition shall have attached to it a copy of the office, certificate that the claim was submitted to the office, that the parties attempted to informally resolve the claim, but that the office’s recommendation was rejected.
§ 1314. Necessary allegations; dismissal of premature petition
A.The presentation and filing of the petition under R.S. 23:1311 shall be premature unless it is alleged in the petition that the claim for compensation has been submitted to the office for informal resolution and that such attempt to informally resolve the claim has failed and:
(1) The employee or dependent is not being or has not been paid, and the employer has refused to pay, the maximum percentage of wages to which petitioner is entitled under this Chapter; or
(2) The employee has not been furnished the proper medical attention; or
3) The employee has not been furnished copies of the reports of examination made by the employer’s medical practitioners after written request therefor has been made under this Chapter.
B. The petition shall be dismissed when the allegations in Subsection (A) of this Section are denied by the employer and are shown at a time fixed by the court to be without reasonable cause or foundation in fact or the petition is not accompanied by a copy of the certificate of the office as required by R.S. 23:1310.-1.
C. The court shall determine whether the petition is premature and must be dismissed before proceeding with the hearing of the other issues involved with the claim.
§ 1331. Modification by agreement of parties; approval by court; judicial review
A. A judgment of compensation rendered by the district court may be modified by subsequent agreement of all parties with the approval of the director or, in the event the director refuses to so approve, by a judge of the district court which rendered the same, and in either case, subject to the provisions of R.S. 23:1271 through 1274.
B. If approved by the director, a subsequent agreement of all parties modifying a judgment of the district court shall be immediately forwarded by the office to the clerk of court for the parish in which the judgment was originally rendered for filing in the record and, upon such filing, shall become the judgment of the district court.
C. At any time after six months after rendition of a judgment of compensation by the district court or at any time after six months from the date of the acceptance by the parties of the recommendation of the director under R.S. 23:1310.1, the director shall review the same upon the application of either party for a modification thereof and shall issue a recommendation pursuant to R.S. 23:1310.1.
In the present case the trial court evidently treated R.S. 23:1310.1 as a peremp-tive statute. The trial court determined that non-compliance resulted in plaintiff losing his right to seek benefits. We disagree for the following reasons.
*1109 After the trial court rendered judgment in the present case this court had occasion to explain the mechanics of the new claims resolution procedures of the 1983 Worker’s Compensation Act in the case of Rich v. Geosource Wireline Services, Inc., 490 So.2d 1165 (La.App. 3rd Cir.1986). In Rich, supra, neither party notified OWCA of its rejection within 30 days, therefore both were conclusively presumed to have accepted the recommendation. The recommendation denied benefits. Subsequently plaintiff filed suit in district court and the defendants filed an exception of prematurity. The trial court sustained the exception and dismissed the suit. In that case we explained the consequences under the various statutes in the situation where both parties accept as follows:
If both parties accept the recommendation then R.S. 23:1331(C) applies. That paragraph says that “at any time after six months from the date of acceptance by the parties of the recommendation of the director under R.S. 23:1310.1, the director shall review the same upon the application of either party for a modification thereof and shall issue a recommendation pursuant to R.S. 23:1310.1.” This statute gives a right to either party to subsequently apply to the director for a review of the earlier recommendation in order to seek a modification. The right of review does not exist until six months after the date of the acceptance of the prior recommendation. Since the right of review of the prior recommendation is not limited to a recommendation finding disability and in favor of compensation, a recommendation denying compensation is likewise subject to review. This construction of the statute is bolstered by the fact that it provides a right of review only of a “judgment of compensation by the district court” but does not so distinguish the right of a party to review “the recommendation.” It also gives both parties the right to have the recommendation reviewed, and surely a claimant who is denied compensation by the recommendation and who inadvertently fails to reject the recommendation timely should be permitted to exercise his right to review to seek a modification of the prior recommendation.
In his article, Bound in Shallows and Miseries: The 1983 Amendments to the Workers’ Compensation Statute, 44 La.L. Rev. 669 (1984), at 693, Professor H. Alston Johnson discusses R.S. 23:1331 and says:
“Six months after rendition of judgment, or six months after the date the parties have accepted the director’s recommendation, the director ‘shall review’ the judgment or recommendation upon the application of either party. He may then issue a new recommendation under Louisiana Revised Statutes 23:1310.1. Though the amended provision does not so provide specifically, this new recommendation presumably is subject to the ordinary review process in the judicial system.
“The amendments delete from Louisiana Revised Statutes 23:1331 the requirement that a party seeking review allege that the ‘incapacity of the employee has been subsequently diminished or increased, or that the judgment was obtained through error, fraud, or misrepresentation.’ Presumably, this omission makes the precise reason for the modification request irrelevant.” (Emphasis ours. Footnotes omitted.) We agree with Professor Johnson’s
analysis that when the director issues a subsequent recommendation, that recommendation has the same effect as an initial recommendation under R.S. 23:1310.1. The parties have 30 days in which to reject that recommendation. If a party rejects the recommendation and notifies the office within 30 days, a certificate of rejection will be issued. If any party rejects the subsequent recommendation of this office, the claimant can “present within sixty days of the receipt of the recommendation or within the period established by R.S. 23:1209, whichever occurs last, a verified petition to the district court ...” R.S. 23:1311.
In the present case plaintiff was conclusively presumed to have accepted the recommendation of OWCA. Instead of *1110 waiting six months and filing an application with OWCA for a review of this determination, the plaintiff filed suit in district court. This suit must be construed as a suit seeking a judicial review of the first recommendation.
However, at the time suit was filed plaintiff had no right to seek judicial review of the recommendation, since his right of review under R.S. 23:1331 had not yet come into existence. The plaintiff’s suit was clearly subject to an exception of prematurity. But the necessary six months have now passed, and that issue is now moot.
Under R.S. 23:1331 it is required that the application for review must be made to the director. In our case the plaintiff filed suit in district court in an effort to bypass OWCA. His petition was, and still is, premature, because the application was not submitted to OWCA for informal resolution. He stands now in the same place as a claimant who attempts to file his initial claim in district court before submitting the claim to OWCA. The petition is subject to being dismissed as premature. R.S. 23:1314(A).
As in Rich, the plaintiff in the present case was conclusively presumed to have accepted the recommendation of OWCA. Instead of filing an application with OWCA for a review of this determination, plaintiff filed suit in district court. Therefore, plaintiffs suit must be construed as a suit seeking a judicial review of the first recommendation. Although R.S. 23:1331 requires that the application for review be made before the director initially, the defendants answered the suit without raising the exception of prematurity, therefore the defendants have waived the exception. C.C.P. Arts. 926 and 928, Disotell v. Wadsworth Golf Construction Co., 500 So.2d 371 (La.1987). In the present case the trial court erred in granting the defendants’ motion for summary judgment since the plaintiff is clearly entitled to a review of the recommendations. Therefore the case shall be remanded to the trial court for a review of OWCA’s initial recommendation.
For the above reasons the judgment of the trial court sustaining the defendants’ motion for summary judgment is reversed, and the case is hereby remanded for further proceedings consistent with this opinion. Costs of this appeal are assessed against the defendants.
REVERSED AND REMANDED.