525 So.2d 1187 (1988)
Connie F. BARRAZA
v.
Dr. William SCHEPPEGRELL.
No. 87-CA-419.
Court of Appeal of Louisiana, Fifth Circuit.
May 16, 1988.
John H. Brooks, Gretna, for plaintiff-appellant.
Geraldine P. Abadie, Marrero, for defendant-appellee.
Before CHEHARDY, GAUDIN and WICKER, JJ.
WICKER, Judge.
The plaintiff, Connie F. Barraza, appeals a judgment maintaining an exception of prematurity filed by the defendant, Dr. William Scheppegrell.[1] We reverse.
Mrs. Barraza employed Dr. Scheppegrell to perform a bilateral transsection of her fallopian tubes. Several months after the surgery, Mrs. Barraza filed suit against Dr. Scheppegrell, alleging that he had breached his agreement with her in that he "had failed in successfully performing the operation by cutting the same fallopian tube twice and not cutting the other fallopian tube." Dr. Scheppegrell answered by general denial. (Mrs. Barraza later filed an amended petition alleging additional damages, and Dr. Scheppegrell also answered the amended petition.) Dr. Scheppegrell then filed three exceptions of prematurity over a span of four months. The basis for the exceptions was La.R.S. *1188 40:1299.47 A.(1), which requires that "all malpractice claims against health care providers covered by this Part ... shall be reviewed by a medical review panel....", and La.R.S. 40:1299.47 B.(1)(a)(i), which states that "No action against a health care provider covered by this Part ... may be commenced in any court before the claimant's proposed complaint has been presented to a medical review panel established pursuant to this Section." Dr. Scheppegrell's enrollment certificate was filed into the record as proof of his enrollment as a covered health care provider. La.R.S. 40:1299.47 B.(1)(a)(ii).
Mrs. Barraza argues (1) Dr. Scheppegrell waived his dilatory exception of prematurity by filing an answer, and (2) medical actions based upon breach of contract are not required to be submitted to a panel.
La.C.Civ.P. art. 926 provides that "All objections which may be raised through the dilatory exception [such as prematurity] are waived unless pleaded therein." If the exception is not filed before the answer, the exception is waived. Sears, Roebuck & Co. v. Larose, 460 So.2d 8 (La.App. 1st Cir.1984). On the other hand, public policy is in favor of panel review prior to the institution of litigation.[2]
This potential conflict between the Code of Civil Procedure and the Medical Malpractice Act should be resolved in favor of the Code.
The Medical Malpractice Act provides for a serious limitation on the right of a victim of medical malpractice to recover for damages. The victim is prevented from access to the courts and relegated to review by a medical review panel ... and recovery is limited.... We are persuaded that the Act constitutes a special legislative provision in derogation of the general rights available to tort victims. As such, the Act must be strictly construed.
Williams v. St. Paul Ins. Companies, 419 So.2d 1302, 1304 (La.App. 4th Cir.1982). This case deals with the requirements for coverage under the Act, and we approve its general tenor.
This issue appears to be res nova in Louisiana. However a similar issue has been resolved within the context of the Worker's Compensation Act, La.R.S. 23:1314, which requires the submission of a compensation claim for administrative resolution prior to filing suit. A petition filed without the proper certification is subject to being dismissed for prematurity. In Disotell v. Wadsworth Golf Const. Co., 500 So.2d 371 (La.1987), the defendant answered the plaintiff's petition without having made his exception of prematurity. The court held that the defendant had waived its exception. See also Clay v. J.P. Lapeyrouse, Inc., 517 So.2d 1106 (La.App. 3rd Cir.1987).
We hold that a health care provider who fails to file his exception of prematurity prior to filing an answer has waived his right to review of claims against him by a medical review panel in accordance with La.R.S. 40:1299.47 A.(1) and 1299.47 B.(1)(a)(i). Because of this holding, it is unnecessary to discuss Mrs. Barraza's other appellate issue.
We hold that the trial judge erred in maintaining Dr. Scheppegrell's exception of prematurity and reverse.
REVERSED.
NOTES
[1] Dr. Scheppegrell died during the pendency of the appeal; and the administratrix of his estate, Shirley Scheppegrell, was substituted as defendant/appellee.
[2] Everett v. Goldman, 359 So.2d 1256, 1267 (La. 1978):

"... [T]he requirement that malpractice claims be filtered through a medical review panel is not unreasonable and seems to be a rational effort to accomplish a plausible goal. A panel determination adverse to a malpractice claimant's interest does not preclude his filing a lawsuit. Such a determination would seem to exert subtle pressure on the claimant in a case of little worth to abandon or to settle his claim reasonably, thereby saving the defendant and his insurer the time, expense and worry of apparently needless litigation. And a favorable panel decision will probably aid the claimant in exerting pressure on a defendant to settle the case reasonably, thus treating the malpractice victim to savings in time and expense and to avoidance of possibly risky litigation. In those cases which do go to trial, a plaintiff successful before the panel will benefit from the evidentiary support of the panel's finding and the testimony of the panel members."