694 So.2d 1229 (1997)
Joycelyn T. SOLOMON
v.
MEDICAL CENTER OF LOUISIANA AT NEW ORLEANS.
No. 97-C-0783.
Court of Appeal of Louisiana, Fourth Circuit.
May 14, 1997.
*1230 Richard P. Ieyoub, Attorney General, Jude D. Bourque, Assistant Attorney General, Louisiana Department of Justice, Litigation Division, Baton Rouge, for defendant/respondent.
Thomas A. Gennusa, II, Lisa Gennusa-Flood, Law Offices of Thomas A. Gennusa, II, Metairie, for plaintiff/relator.
Before LOBRANO, PLOTKIN and WALTZER, JJ.
PLOTKIN, Judge.
This writ application involves two separate trial court rulings made on the same day granting motions to compel discovery. One of the rulings favors the plaintiff; the other favors the defendant. Both the plaintiff and defendant seek supervisory review of the judgments compelling that they submit to discovery. The case involves a potential malpractice act still pending before the medical review panel. Finding no error in either of the trial court rulings, we deny the application for supervisory writs.
The judgment against the plaintiff involves a failure to adequately answer an interrogatory requesting detailed information concerning "each and every act of medical malpractice" being asserted by the plaintiff against the defendant, including "the specific nature" of the act or omission and the date the act or omission occurred. The plaintiff answered, claiming an inability to fully answer because discovery is incomplete and objecting on the ground that the claimant is not required by the Medical Malpractice Act to set forth specific allegations of fault. The plaintiff claims that requiring her to divulge the grounds for her action prior to filing suit would prejudice her case. However, the Medical Malpractice Act contains a specific provision allowing for discovery to be used in submissions to the medical review panel. LSA-R.S. 40:1299.39.1(D).
Generally, the scope of discovery is extremely broad. The discovery rules cover information regarding any matter, not privileged, that is relevant to the subject matter of the action, whether or not the information sought will be admissible at trial, so long as it is reasonably calculated to lead to discovery of admissible evidence. Parties may properly use the information to prove their own cases or to impeach adverse witnesses.
Louisiana permits discovery prior to commencement of a case to preserve evidence, within the above limitations. In the instant case, the information sought is neither privileged, work product, nor expert opinion. No invasion of privacy issues are involved. Moreover, the interrogatory complies with all legal requirements. Thus, allowing discovery in this case is consistent with the liberal discovery rules.
The judgment against the defendant is related to deposition questions posed to Dr. James Watson, a resident at the defendant hospital, who participated in the surgery from which the plaintiff's case arises. During the deposition, defense counsel objected to the plaintiff's questioning of Dr. Watson concerning opinion questions. Rather than finishing the deposition, the plaintiff's attorney elected to stop the questioning because he was unwilling to take his questions out of order. The trial judge compelled Dr. Watson to answer the plaintiff's opinion questions, despite the fact that Dr. Watson is a fact witness and has not been hired as an expert witness. The Louisiana Supreme Court has spoken on this question in Hanks v. Drs. Ranson, Swan & Burch, Ltd., 340 So.2d 152 (La. 1976); under the holding in that case the trial court ruling is correct.