JjPEATROSS, J.,
CONCURRING.
In its per curiam opinion, the supreme court posed the following limited question to this court:
... whether a defendant in a case pending in the medical review panel may compel the plaintiff to respond to interrogatories requesting information on the standard of care allegedly breached by the defendant.
I concur with the portion of the opinion authored by Judge Caraway that answers this inquiry in the negative, as I believe that the only discovery permitted under the Medical Malpractice Act (“MMA”) is deposition. See La. R.S. 40:1299.47(D). Since the MMA is in derogation of the general rights available to tort victims, its provisions must be strictly construed. Nowhere in the MMA is there a provision permitting written interrogatories.
As noted by the writer, the supreme court also instructed this court to address the case of Solomon v. Medical Center of Louisiana at New Orleans, 97-0783 (La.App. 4th Cir.5/14/97), 694 So.2d 1229. In light of the above conclusion, I agree with the position that the .fourth circuit erred in its decision in Solomon, which held that a plaintiff could be compelled to answer interrogatories. These findings, in my opinion, fully answer the limited inquiry mandated by the supreme court.
I note, however, that any discussion of the above issues does not involve the issued) raised in the Perritt case because, as the writer points out, that case did not involve interrogatories. As such, any discussion of the issue(s) raised in Perritt is irrelevant to the inquiry of the supreme court and is, therefore, superfluous.
|2In summary, I concur with the portions of the opinion that conclude that interrogatories are not permissible discovery under the MMA and that disagree with the decision in Solomon, supra. I believe the further discussion in the opinion regarding the Perritt case, however, to be superfluous to the inquiry mandated by the supreme court.