849 So.2d 56 (2003)
Harold Ross PERRITT, et al.
v.
Grant DONA, M.D., et al.
Roger Arnold, M.D., et ux.
v.
Grant A. Dona, M.D.
Ella Richmond
v.
Douglas C. Brown, M.D.
Nos. 2002-CC-2601, 2002-CC-2603.
Supreme Court of Louisiana.
July 2, 2003.
*57 John L. Hammons, Cornell R. Flournoy, Nelson, Hammons & Self, Shreveport, for Applicant in No. 2002-CC-2603.
David E. Verlander, III, McCleod & Verlander, Monroe, Gordon L. James, Brady D. King, II, Jesse D. McDonald, Hudson, Potts & Bernstgein, Monroe, for Respondent in No. 2002-CC-2603.
David E. Verlander, III, McCleod & Verlander, Monroe, for Applicant in No. 2002-CC-2601.
John L. Hammons, Cornell R. Flournoy, Nelson, Hammons & Self, Shreveport, Gordon L. James, Brady D. King, II, Jesse D. McDonald, Hudson, Potts & Bernstgein, Monroe, for Respondent in No. 2002-CC-2601.
Amy W. Phillips, Baton Rouge, for amicus curiae, Louisiana State Medical Society.
Guice A. Giambrone, III, Dante V. Maraldo, Stephen M. Pizzo, Metairie, for amicus curiae, Louisiana Patient's Compensation Fund & Healthcare Indemnity, Inc.
Robert I. Baudouin, New Orleans, Guice A. Guimbrone, III, Kurt S. Blankenship, Metairie, for amicus curiae, Memorial Medical Center.
Thomas E. Gottsegen, Don S. McKinney, New Orleans, for amicus curiae, Ochsner Clinic Foundation and Tulane Educational Fund Administrators.
JOHNSON, Justice.
This matter arises out of three medical malpractice claims filed against several health care providers where the proceedings are pending before medical review panel. The health care providers sought to require the plaintiffs to provide more information. In one suit, the district court ordered the plaintiff to amend his claim and provide details of the alleged malpractice. The plaintiff applied for supervisory writs, which the court of appeal denied. In the other suits, the district court denied the health care providers' request. The health care providers applied for supervisory writs. The court of appeal denied their applications. The parties then applied for writs of review. This Court consolidated the cases, granted the applications, and remanded the cases to the Second Circuit to determine whether a defendant in a case pending in the medical review panel may compel the plaintiff to respond to interrogatories requesting information on the standard of care allegedly breached by the defendant.[1] On remand, *58 the court of appeal held that interrogatories are not allowed during the medical review panel proceeding. The aggrieved parties appealed this ruling. This Court finds that after a strict interpretation of LSA-R.S. 40:1299.47, interrogatories are not permitted during the medical panel review.

FACTS & PROCEDURAL HISTORY
This matter involves three individual medical malpractice claims pending before medical review panels, in which the health care providers or defendants have asserted that the plaintiffs' claims did not provide sufficient notice of material facts. These cases are: 1) Harold Perritt v. Dr. Grant Dona; 2) Dr. Roger Arnold v. Dr. Grant Dona; and 3) Ella Richmond v. Dr. Douglas C. Brown.

PERRITT v. DONA
Perritt filed a letter claim with the Patients' Compensation Fund ("PCF") and the Commissioner of Administration, alleging a medical negligence claim against Dr. Dona and others. This letter set forth the dates of Perritt's treatment and the alleged date of malpractice and maintained that the defendants deviated from the applicable standard of medical care. The letter named as defendants: Dr. Dona, Dr. Rowland Torres, St. Francis Medical Center, and Healthsouth Rehabilitation Hospital. The defendants filed a Motion to Compel requesting that the plaintiff provide a more detailed description of his claim. In Perritt, the district court granted the defendants' motion and ruled that the letter "does not contain a recitation of facts or allegations (surrounding the alleged malpractice) sufficient enough to afford the defendants proper notice." The district court ordered the plaintiff to amend the letter. Thereafter, the court of appeal denied the plaintiff's application for supervisory review. The plaintiff sought review from this Court. This Court, finding that the three cases arose from similar facts and circumstances, consolidated the three cases, granted the plaintiff's writ application, and remanded the matter to the court of appeal instructing them to resolve whether interrogatories are permissible in the medical review panel proceeding.[2] Also, this Court ordered the court of appeal to address the ruling in Solomon v. Medical Ctr. of Louisiana at New Orleans, 97-0783 (La.App. 4th Cir.5/14/97), 694 So.2d 1229. On remand, the court of appeal affirmed the district court's ruling.[3] The court of appeal noted *59 that although Dr. Dona's pleading was captioned "Motion to Compel," it was in fact an "exception of no cause of action or in the alternative, an exception of vagueness." The court of appeal held that the district court did not err in granting the defendant's exception of no cause of action and/or vagueness since the plaintiff failed to list the injury he suffered or the alleged facts of causation linked to those injuries. The plaintiff appealed.

ARNOLD v. DONA
In Arnold, Dr. Dona propounded several interrogatories that were answered, but the defendants found the answer to the following question inadequate:

INTERTOGATORY NO. 1: Please state each and every respect in which you contend that [defendant] breached the standard of care applicable to him in connection with your care, being specific as to what it is you claim he did that she [sic] should have done, or did not do that she [sic] should have done.
In response, the plaintiff answered that he suffered "from osteomyelisis which plaintiff believes was caused, or substantially contributed to, by substandard care on the part of Dr. Dona." Dr. Dona was not satisfied with this answer; therefore, he filed a Motion to Compel.[4] The plaintiff filed a motion for a protective order. The district court denied Dr. Dona's motion and granted the protective order. Thereafter, the court of appeal denied Dr. Dona's application for supervisory review. The defendant sought review from this Court. As noted above, this Court consolidated the three matters, granted the defendants' writ applications, and remanded the matter to the court of appeal.[5] On remand, the court of appeal affirmed the district court's ruling.
In Arnold and Richmond (discussed below), the court of appeal distinguished those cases from Perritt by contending that those cases propounded interrogatories requesting the specifics on each doctors' action or inaction and the applicable standards of care, instead of challenging the plaintiffs' claims by filing exceptions. Here, the court of appeal held that:
The process employed by the defendants in Arnold and Richmond is faulty. First, there was no showing in the district court regarding any insufficiency in the plaintiffs' claims to the PCF. Without evidence of the plaintiffs' PCF letters or claims instituting the medical review panel proceedings, the trial court could presume that the information requested in the disputed interrogatories is contained in the initial claims. If not, an exception to the claim and proof of the insufficiency of the statement of the claims may yet be made.
The defendants appealed this ruling.

RICHMOND v. BROWN
In Richmond, Dr. Brown propounded interrogatories, where he requested the following:

INTERTOGATORY NO. 1: Please state each and every respect in which you *60 contend that [defendant] breached the standard of care applicable to him in connection with your care, being specific as to what it is you claim he did that she [sic] should have done, or did not do that she [sic] should have done.

INTERTOGATORY NO. 2: Please state, with respect to each of the allegations of substandard care made in your answers to Interrogatory No. 1, what it is that you claim the standard of care applicable to Dr. Brown requires, and your basis for so defining the standard of care.
In response, the plaintiff answered that she was not an expert on the medical standards of care and that all she knew was "that she suffered harm or complications which she simply did not feel should have occurred under the circumstances...." Dr. Brown then filed a Motion to Compel. The district court granted the doctor's motion and ordered that the plaintiff state all the grounds of malpractice. Thereafter, the court of appeal granted the plaintiff's application for supervisory review, stating in pertinent part that:
These interrogatories go well beyond the scope of the matters before the medical review panel. No lawsuit has been filed in this matter, and we consider these interrogatoriesasking the patient to relate the health care provider's conduct to standards of care yet unestablished by the panelto be too burdensome.
The defendant sought review from this Court. As noted above, this Court consolidated the three matters, granted the defendants' writ applications, and remanded the matter to the court of appeal.[6] On remand, the court of appeal reversed the district court ruling, which ordered the plaintiff to answer the defendant's written interrogatories. As noted in Arnold, the court of appeal found that interrogatories are not allowed in the medical review panel.
In sum, the court of appeal held that: 1)the plaintiffs are not required to allege the health care provider's applicable standard of care in the medical panel review proceeding; 2) the plaintiffs' claims that failed to state their injuries suffered or the facts of causation linking those injuries to the health care provider were insufficient; and 3) the health care providers can not propound interrogatories in the medical review panel proceeding.[7] The court of appeal found that Solomon, supra could be distinguished from the cases at hand in that Solomon did not involve a discovery dispute over interrogatories. Specifically, the court of appeal held that:
... Discovery in the present non-judicial proceeding is not in keeping with the intended nature of the proceeding as described by our Supreme Court nor is discovery through written interrogatories expressly provided in the MMA ... Section 1299.47(D) of the MMA provides for the form of evidence to be considered by the medical review panel. The section allows for the taking of depositions by the parties or at the request of any two panel members. La. R.S. 40:1299.47(D)(3) and (4).... Section 1299.47(D), when considered as a whole, addresses the written evidence which *61 may be obtained for submission to the panel. Its aim is not for broad discovery process by the parties, but for submission of evidence to the panel. It does not allow for written interrogatories to be exchanged between the parties.
The court of appeal concluded that the Medical Malpractice Act "MMA" was subject to strict interpretation and that the objective of an efficient, non-judicial screening for medical malpractice claims would be defeated by an open-ended discovery process with attendant motion practice at the district court level. The court of appeal noted that according to LSA-R.S. 40:1299.47(B)(2)(a),[8] the MMA permits a health care provider the right to raise "any exception" in court prior to the completion of the panel proceedings. The court of appeal concluded that a complaint should clearly set forth the facts forming the basis of a malpractice claim to give notice of the civil action. The court of appeal also found that LSA-R.S. 40:1299.47(D) does not allow the parties to exchange written interrogatories since the MMA was subject to strict interpretation. The defendants appealed this ruling.

DISCUSSION
At the outset, we note that the physicians and hospitals named as defendants can be classified as "health care providers" as defined in LSA-R.S. 40:1299.41(A)(1).[9] Any action against the health care providers concerning medical malpractice is subject to the MMA. The purposes of the MMA are: 1) to limit the liability of the health care providers who qualify under the Act (Tucker v. Lain, 98-2273, 01-0608, 01-0609 (La.App. 4 Cir. 9/5/01), 798 So.2d 1041, writ denied, 01-2715 (La.1/4/02), 805 So.2d 210; Prisk v. Palazzo, 95-1475 (La.App. 4 Cir. 1/19/96), 668 So.2d 415, writ denied, 96-0437 (La.4/8/96), 671 So.2d 335); and 2) to provide compensation to medical malpractice victims who have been injured by qualified health care providers (A. Copeland Enterprises, Inc. v. Slidell Memorial Hospital, 94-2011 (La.6/30/95), 657 So.2d 1292, Tucker, supra.). This Court, in Hutchinson v. Patel, 93-2156 (La.5/23/94), 637 So.2d 415, stated that the MMA's purpose is to reduce or stabilize medical malpractice insurance and to provide the public affordable medical services.
The MMA requires that all claims against health care providers be reviewed or "filtered" through a medical review panel before proceeding to any other court. LSA-R.S. 40:1299.47(A)(1).[10]Everett v. Goldman, 359 So.2d 1256 (La.1978). As stated above this "filtering" is done to "weed out frivolous claims without the delay or expense of a court trial." Id. at 1263. In other words, this "filtering" or "pre-screening" is done to pressure either the claimant to abandon a worthless claim or the defendant to settle the case reasonably. Id.
To better understand this "filtering" process, we must now discuss the medical *62 panel review and its role. In Everett v. Goldman, this Court noted that:
Under the Louisiana act the medical review panel is made up of three physicians and a nonvoting attorney-chairman. R.S. 40:1299.47(C). Two of the physicians are selected by the plaintiff and defendant respectively, and these two choose a third, all of whom are required to serve. Evidence is presented to the panel only in writing by such means as medical charts, laboratory tests, depositions, and the like. Any party can cause to issue subpoenas duces tecum in aid of the taking of depositions and the production of documentary evidence. Either party may question the panel regarding any matters relevant to issues to be decided by the panel. Under certain conditions the panel may consult with medical authorities.
The sole duty of the panel is to express its expert opinion(s). Within thirty days but in all events within one hundred and eighty days after selection of the last member of the panel, the panel shall render signed and in writing one or more of the following expert opinions:
(1) The evidence supports the conclusion that the defendant or defendants failed to comply with the appropriate standard of care as charged in the complaint.
(2) The evidence does not support the conclusion that the defendant or defendants failed to meet the applicable standard of care as charged in the complaint.
(3) That there is a material issue of fact, not requiring expert opinion, bearing on liability for consideration by the court.
(4) Where Paragraph (2) above is answered in the affirmative, that the conduct complained of was or was not a factor of the resultant damages. If such conduct was a factor, whether the plaintiff suffered: (a) any disability and the extent and duration of the disability, and (b) any permanent impairment and the percentage of the impairment. R.S. 40:1299.47(G).
No findings are made by the panel as to damages.
The findings of the medical review panel are not binding on the litigants. The claimant, whose time of filing a suit is suspended until ninety days following issuance of the opinion by the panel, may file suit in a court of law. R.S. 40:1299.47(A). The report containing the panel's opinion will be admissible as evidence in later litigation, but the expert opinion shall not be conclusive and either party has the right at trial to call at his cost any member of the medical review panel as a witness.
Id. at 1264. (Emphasis added).

ISSUE ONE
The first issue we must decide is whether the parties before the medical review panel may propound interrogatories at all, or whether they are limited to discovery by deposition. The statute that applies to discovery under the private Medical Malpractice Act is LSA-R.S. 40:1299.47(D), which provides that:
(1) The evidence to be considered by the medical panel review panel shall be promptly submitted by the respective parties in written form only.
(2) The evidence may consist of medical charts, x-rays, lab tests, excerpt of treatises, depositions of witnesses including parties, affidavits and reports of medical experts, and any other form of evidence allowable by the medical review panel.

*63 (3) Depositions of the parties and witnesses may be taken prior to the convening of the panel.
(4) Upon request of any party, or upon request of any two panel members, the clerk of any district court shall issue subpoenas and subpoenas duces tecum in aid of the taking of depositions and the production of documentary evidence for inspection and/or copying.
(5) The chairman of the panel shall advise the panel relative to any legal question involved in the review proceeding and shall prepare the opinion of the panel as provided in Subsection G.
In the case sub judice, the defendants urge that the plaintiffs' complaint failed to set forth the basic material facts necessary to put them on notice as to the alleged malpractice asserted; thus, the plaintiffs should be compelled to answer their interrogatories.
In support of their argument, the defendants rely upon Solomon, supra, where a potential malpractice suit was pending before the medical panel review and the district court ruled that the plaintiff failed "to adequately answer an interrogatory requesting detailed information concerning `each and every act of medical malpractice' being asserted by the plaintiff against the defendant, including `the specific nature' of the act or omission and the date the act or omission occurred." The plaintiff answered, alleging that she was not required by the MMA to set forth specific allegations of fault. She also alleged that her answering the interrogatory would prejudice her case. The plaintiff appealed the district court's ruling. The Fourth Circuit held that the plaintiff could be compelled to answer these interrogatories concerning the alleged acts of medical malpractice being asserted. The Fourth Circuit noted that the MMA contains a specific provision allowing discovery to be used in submissions to the medical review panel. LSA-R.S. 40.1299.39.1(D).[11] The court also found that the interrogatories complied with all legal requirements; thus, the court concluded that allowing discovery in a case in the medical review panel was consistent with liberal discovery rules.[12] *64 The court further found that the information requested was neither privileged, work product, nor expert opinion and was therefore discoverable during the medical review panel. LSA-C.C.P. art. 1422.
In response, the plaintiffs argue that according to SeWell Hospital v. Doctors Hospital, 600 So.2d 577 (La.1992), this Court ruled that the MMA is a special legislation in derogation of the general tort law and must therefore be strictly construed. The plaintiffs note that nothing in the statute refers to interrogatories specifically; the only discovery contemplated is by deposition. The plaintiffs also note that there is no authority to support the proposition that the Code of Civil Procedure supplements the MMA.[13] The plaintiffs also argue that Solomon can be distinguished from the case at hand. The plaintiffs note that Solomon refers to the public act (LSA-R.S.40:1299.39.1(D) whereas this case is governed by the private act (LSA-R.S.40:1299.47(D). Hence, the ruling in Solomon is not applicable to the case at hand.
To properly address the issue at hand, we must determine whether LSA-R.S. 40:1299.47 must be construed strictly or liberally. Although the Second Circuit in Solomon found that the Louisiana discovery rules should be liberally construed, this Court has previously held in Spradlin v. Acadia-St. Landry Medical Foundation, 98-1977 (La.2/29/00) 758 So.2d 116, 120, that all statutes limiting provisions applicable to qualified health care providers are "special legislation in derogation of the rights of tort victims;" thus, these provisions are all strictly construed. Sewell v. Doctors Hosp., 600 So.2d 577, 578 (La. 1992). LSA R.S. 40:1299.47(D) does not expressly provide for written discovery. The statute does allow "medical charts, xrays, lab tests, excerpt of treatises, depositions of witnesses including parties, affidavits and reports of medical experts, and any other form of evidence," but is silent as to interrogatories. The parties concede that both plaintiffs and defendants have propounded and answered interrogatories while before a medical review panel. We must decide whether this informal practice is recognized by any statute, and can therefore be compelled. Both sides concede that written interrogatories are the most cost efficient method of obtaining information. However, a strict reading of the statute does not allow interrogatories in the medical review panel stage. We note that Solomon did not cite any authority nor was it clear that the rules of the Civil Code of Procedure are applicable in the MMA. Because there was no statutory requirement allowing interrogatories, we can not conceptually compel parties to answer interrogatories. Therefore, we find that interrogatories are not permitted in the medical review panel stage.
Since the defendants specifically requested that the plaintiffs be compelled to provide information on the standard of care breached by the defendants, we must discuss the statutory requirements of the complaint presented to the medical review panel. LSA-R.S. 40:1299.47(B)(1)(a)(i) provides that:
No action against a health care provider covered by this Part, or his insurer, may *65 be commenced in any court before the claimant's proposed complaint has been presented to a medical review panel established pursuant to this Section.
Here, we find that the statute says nothing further about the required format for the "proposed complaint;" therefore, defendants can not require the plaintiffs to specify the health care providers' standards of care. Furthermore, the language of LSA-R.S. 40:1299.47(G)[14] suggests that it is the duty of the medical review panel to determine the appropriate standard of care based on the evidence presented and whether defendant breached that standard. As properly noted by the Second Circuit, setting out the appropriate standard of care is the role of the medical expert and not a claimant. We note that the MMA does not specifically delineate that the parties are entitled to "notice." The claim is not required to be a fact pleading with the specificity that may be required of a petition in a lawsuit; rather, the claim need only present sufficient information for the panel to make a determination as to whether the defendant is entitled to the protection of the Act.

ISSUE TWO
Now, we turn to the second issue of whether defendants may file an exception of no cause of action or exception of vagueness while the claim is before the medical review panel.
The plaintiffs argue that LSA-R.S. 40:1299.47(B)(2)(a) limits the available motions and/or exceptions at the panel stage to those listed in LSA-R.S. 9:5628.[15] The plaintiffs argue that any exceptions except the peremptory exceptions of prescription are impermissible. The defendants contend that when the plaintiffs' complaint is so vague and deficient in statement of a claim the defendants may file exceptions in the district court.
LSA-R.S. 40:1299.47(B)(2)(a) provides that:
A health care provider, against whom a claim has been filed under the provisions of this Part, may raise any exception or defenses available pursuant to R.S. 9:5628 in a court of competent jurisdiction and proper venue at any time without need for completion of the review process by the medical review panel.
Legislation is a solemn expression of legislative will; therefore, interpretation of a law is primarily the search for the Legislature's intent. LSA-C.C. art. 2; O'Regan v. Preferred Enterprises, Inc., 98-1602 (La.3/17/00), 758 So.2d 124, 128; Cat's Meow v. City of New Orleans, 98-0601 (La.10/20/98), 720 So.2d 1186, 1198. The starting point for interpretation of any statute is the language of the statute itself. Touchard v. Williams, 617 So.2d 885 (La.1993). When a law is clear and unambiguous and its application does not lead to *66 absurd consequences, the law is applied as written, and no further interpretation may be made in search of legislative intent. LSA-C.C. art. 9. Moreover, all statutes limiting provisions applicable to qualified health care providers are "special legislation in derogation of the rights of tort victims" and are strictly construed. Sewell, supra.
In the present case, LSA-R.S. 40:1299.47(B)(2)(a) allows a health care provider to "raise any exception or defenses available pursuant to R.S. 9:5628." (Emphasis added).
As we recognized in Campo v. Correa, 2001-2707 (La.6/21/02), 828 So.2d 502, 509:
LA. REV. STAT. ANN. § 9:5628 not only corresponds with the basic one year prescriptive period for delictual actions provided in LA.CIV.CODE art. 3492, it embodies the discovery rule delineated as the fourth category of contra non valentem, that is with the "single qualification that the discovery rule is expressly made inapplicable after three years from the act, omission or neglect." Hebert, 486 So.2d at 724; see also Fontenot v. ABC Ins. Co., 95-1707 (La.6/7/96), 674 So.2d 960, 963; White v. West Carroll Hospital, Inc., 613 So.2d 150, 155 (La. 1992) (holding that LA. REV. STAT. ANN. § 9:5628 embodies contra non valentem in medical malpractice suits).
A straight forward reading of LA. REV. STAT. ANN. § 9:5628 clearly shows that the statute sets forth two prescriptive limits within which to bring a medical malpractice action, namely one year from the date of the alleged act or one year from the date of discovery with a three year limitation from the date of the alleged act, omission or neglect to bring such claims. Hebert thoroughly examined the legislative history of LA. REV. STAT. ANN. § 9:5628 and determined that it was clearly a "prescription statute with a qualification, that is, the contra non valentem type exception to prescription embodied in the discovery rule is expressly made inapplicable after three years from the act, omission or neglect." Hebert, 486 So.2d at 724-25.
Based upon the provisions of LSA-R.S.9:5628 and LSA-R.S. 40:1299.47(B)(2)(a) a health care provider is allowed to only assert the peremptory exception of prescription during the medical panel review stage of the proceedings.
We further point out the dilatory exception of vagueness addresses the detailed sufficiency of the petition and the peremptory exception of no cause of action tests the legal sufficiency of the pleadings detailed in the petition. See Snoddy v. City of Marksville, 97-327 (La.App. 3 Cir. 10/8/97), 702 So.2d 890; Kuebler v. Martin, 578 So.2d 113 (La.1991). In the present case, there is a "claim" pending before the medical review panel for review, not a petition. See LSA-R.S. 40:1299.47(A)(1) and (A)(2)(a). Thus, it is clear the exceptions of vagueness and no cause of action are inapplicable to the medical panel review stage of the proceedings.

CONCLUSION
For the reasons set forth above, we conclude that the lower courts correctly ruled that interrogatories are not permissible in the medical review panel proceeding. We also affirm the court of appeal's finding that plaintiffs are not required by the MMA to allege the standard of care breached by the health care providers. However, we reverse the court of appeal's ruling that the plaintiffs can be required to respond in the district court to exceptions of no cause of action and/or vagueness.
DECREE
AFFIRMED IN PART; REVERSED IN PART.
*67 WEIMER, J., concurs and assigns additional reasons.
VICTORY, J., concurs.
WEIMER, J., concurs and assigns additional reasons.
I agree with the majority's conclusions concerning interrogatories[1] and exceptions. However, it necessary to elaborate on what is, I believe, required in the complaint.
The issue which is common in all three of the cases under consideration concerns the sufficiency of the statement of the material facts of plaintiffs' "proposed complaint"[2] for the presentation of a claim to the medical review panel. A petition is the pleading for institution of a suit in a Louisiana court of competent jurisdiction. LSA-C.C.P. art. 891.[3] However, LSA-R.S. 40:1299.47, providing for the institution of the medical review proceeding, does not use the term "petition," and the medical review panel has no adjudicatory power. Thus, not all of the criteria of the Code of Civil Procedure for the sufficiency of a petition apply to a proposed complaint in the non-judicial setting of the medical review panel. Nevertheless, the proposed complaint a claimant files with the Patient's Compensation Fund (PCF) must set forth basic material facts upon which the claim for medical malpractice can be screened. The PCF forwards the proposed complaint to the qualified health care provider. Perritt v. Dona, 35,628, 35,724, 35,841, p. 8 (La.App. 2 Cir. 9/20/02), 827 So.2d 1222, 1228.
The question then becomes twofold: (1)what is the nature of the material facts that must be set forth in the request, and (2) must the applicable standard of care be alleged therein? In resolving this question, the court of appeal analogized the medical review panel proceeding to an action brought in court under general tort theory. Perritt, 35,628, 35,724, 35,841 at 6-12, 827 So.2d at 1226-1230.
The standard of care in a duty/risk analysis coincides with the defendant's duty. Fault or negligence in a tort action stems from "conduct which violates the standard of reasonableness in the community." Hero Lands Company v. Texaco, Inc., 310 So.2d 93, 97 (La.1975).[4] In the duty/risk analysis, the duty is an issue of law which is determined by the court. Meany v. Meany, 94-0251, p. 6 (La.7/5/94), 639 So.2d 229, 233. The court then charges the jury *68 with that duty or standard of care. See, e.g., 18 H. ALSTON JOHNSON, III, LOUISIANA CIVIL LAW TREATISE: CIVIL JURY INSTRUCTIONS § 3.01 (2d ed.2001).
In court, a medical malpractice plaintiff must establish the standard of care applicable to the charged health care provider, a violation of that standard of care, and a causal connection between the health care provider's alleged negligence and the plaintiff's injuries resulting therefrom. LSA-R.S. 9:2794(A); Pfiffner v. Correa, 94-0924, 94-0963, 94-0992, pp. 1-2 (La.10/17/94), 643 So.2d 1228, 1230. In the instant cases, the defendants urge the plaintiffs must make allegations in their proposed complaints that mirror the burden of proof requirements under LSA-R.S. 9:2794(A). They point to the provisions of LSA-R.S. 40:1299.47(G) which reference the claimant's "complaint" while describing two of the conclusions which may be reached by the medical review panel. The statute provides, in pertinent part:
G. The panel shall have the sole duty to express its expert opinion as to whether or not the evidence supports the conclusion that the defendant or defendants acted or failed to act within the appropriate standards of care. After reviewing all evidence ... the panel shall ... render one or more of the following expert opinions ...:
(1) The evidence supports the conclusion that the defendant ... failed to comply with the appropriate standard of care as charged in the complaint.

(2) The evidence does not support the conclusion that the defendant ... failed to meet the applicable standard of care as charged in the complaint. (Emphasis supplied.)
Although the highlighted phrases would seem to indicate a necessity for a statement of the standard of care in a claimant's proposed complaint, such a necessity is tempered by the nature of the nonjudicial setting and the differing roles of the experts on the review panel and the lay persons bringing the claims.
In the judicial setting of a trial of a medical malpractice claim, the plaintiff must prove the applicable standard of care through expert medical testimony, with some limited exceptions. Pfiffner, 94-0924, 94-0963, 94-0992 at 8, 643 So.2d at 1233. The trier-of-fact, who can be expected in an ordinary tort action to understand and apply the "reasonably prudent person" standard of care, has no medical expertise regarding the standard of care in most medical malpractice actions. In contrast, the medical professionals serving on medical review panels understand and can apply the standard of care by rendering their "expert opinions" as directed by LSA-R.S. 40:1299.47(G). By analogy, the health care provider's standard of care presents to the medical review panel what the duty element of the duty-risk analysis presents to the trial judge in the ordinary tort action. From the expertise of the medical review panel or the trial judge, as the case may be, the standard of care or duty is pronounced. Perritt, 35,628, 35, 724, 35,841 at 11, 827 So.2d at 1229.
Under Louisiana's system of fact pleading, it is unnecessary to plead a legal duty or standard of care. LSA-C.C.P. art. 854, cmt. (a). Indeed, a cause of action is not set forth by stating the plaintiff's conclusions of law, such as duty; facts must be stated from which such conclusions of law are drawn. Montalvo v. Sondes, 93-2813, p. 6 (La.5/23/94), 637 So.2d 127, 131. Likewise, the material fact allegations necessary for the malpractice complaint that commences the medical review panel proceedings must be sufficient for the expert panel to draw their conclusions regarding the applicable standard of care and whether *69 a breach of that standard occurred. The material fact allegations should state, in laymen's terms, the health care provider's action or inaction and the claimant's injury that would not otherwise have been incurred. Factual allegations of this nature thus satisfy the requirement in LSA-R.S. 40:1299.47(G)(1) and (2) that the expert panel's conclusion be drawn from "the applicable standard of care as charged in the complaint." LSA-R.S. 40:1299.47(G); Perritt, 35,628, 35,724, 35,841 at 12, 827 So.2d at 1229-1230.
NOTES
[1] According to Perritt v. Dona, 01-3175 (La.3/15/02), 812 So.2d 624; Arnold v. Dona, 01-3073 (La.3/15/02), 812 So.2d 623; and Richmond v. Brown, 02-0241 (La.3/15/01), 812 So.2d 624, this Court specifically stated in a per curiam that:

These separate writ applications involve the common question of whether a defendant in a case pending in the medical review panel may compel the plaintiff to respond to interrogatories requesting information on the standard of care allegedly breached by the defendant. After reviewing the applications, we find further consideration of these cases are warranted in the court of appeal.
Accordingly, the writ applications are remanded to the court of appeal for its consideration. Upon remand, the court of appeal should render an opinion, after appropriate briefing and argument from the parties, which definitively sets forth the position of the circuit on this issue. The court should also address the case of Solomon v. Medical Ctr., 97-0783 (La.App. 4 Cir. 5/14/97), 694 So.2d 1229, in its opinion.
[2] Perritt v. Dona, 01-3175 (La.3/15/02), 812 So.2d 624.
[3] In a concurrence, Judge Peatross found that discussion of Perritt was "superfluous" since this Court remanded the case to determine whether the defendant in a malpractice case had the right to compel the plaintiff to respond to interrogatories regarding the breach of standard of care. Chief Judge Brown and Judge Williams agreed with the majority's conclusion that interrogatories were not permitted at the medical panel review stage; however, they disagreed with the majority's finding that exceptions (other than prescription) could be raised at the panel stage. They noted that the MMA is a screening stage, which does not require a plaintiff to articulate the standard of care requiring a medical expert. They also noted that the MMA allows only the exceptions of prescription at the screening state. They further noted that the particulars of the injury and causation would become clear in the written materials submitted to the panel. They concluded that the filing of exceptions of no cause of action and/or vagueness while the medical claim is pending before the review panel would be "costly, burdensome and dilatory."
[4] The defendant's pleading was specifically entitled "Petition to Compel Discovery Responses."
[5] Arnold v. Dona, 01-3073 (La.3/15/02), 812 So.2d 623.
[6] Richmond v. Brown, XXXX-XXXX (La.3/15/02), 812 So.2d 624. This Court granted the writ applications according to Supreme Court Rule X, Section 1, because of the ruling in Richmond clearly conflicted with the rulings in Arnold and Perritt.
[7] In this five-judge panel, the majority, Judges Gaskins, and Caraway, affirmed its prior ruling, with Judge Peatross concurring and Judges Brown and Williams concurring in part and dissenting in part.
[8] Cited later for emphasis.
[9] LSA-R.S. 40:1299.41(A)(1) provides in pertinent part that:

"Health care provider" means a person, partnership, limited liability partnership, limited liability company, corporation, facility, or institution licensed by the state to provide health care or professional services as a physician, hospital, nursing home....
[10] LSA-R.S. 40:1299.47(A)(1) provides that:

All malpractice claims against health care providers covered by this Part, other than claims validly agreed for submission to a lawfully binding arbitration procedure, shall be reviewed by a medical review panel established as hereinafter provided for in this Section.
[11] LSA-R.S. 40:1299.39.1(D) provides, in pertinent part, that:

(1) The evidence to be considered by the state medical review panel shall be promptly submitted by the respective parties in written form only.
(2) The evidence may consist of medical charts, x-rays, lab tests, excerpts of treatises, depositions of witnesses including parties, affidavits and reports of medical experts, and any other form of evidence allowable by the state medical review panel.
(3) Depositions of the parties and witnesses may be taken prior to the convening of the panel.
(4) Upon request of any party, or upon request of any two panel members, the clerk of any district court shall issue subpoenas and subpoenas duces tecum in aid of the taking of depositions and the production of documentary evidence for inspection or copying, or both.
[12] In Lane Memorial Hospital v. Watson, 98-0273 (La.App. 1 Cir. 3/3/99), 734 S.2d 28, writ granted, decision vacated, 99-0930 (La.5/28/99), 743 So.2d 676, writ granted, decision vacated, 99-0947 (La.5/28/99), 743 So.2d 676, the court determined that while medical malpractice claim is being reviewed by medical review panel, a party may initiate a discovery proceeding by the filing a petition in district court. The court noted that:

the discovery proceeding authorized by LSA-R.S. 40:1299.47(D)(4) is merely a procedural mechanism to facilitate prosecution of the ultimate action, i.e., a medical malpractice suit. Additionally, any necessary judicial intervention at this preliminary stage (i.e., a petition to conduct or compel discovery ...) is simply a vehicle to aid in the determination of the ultimate claim and has no independent basis, except as a preliminary or related component of the anticipated medical malpractice suit.
[13] We recognize the defendants' argument that in Barraza v. Scheppegrell, 525 So.2d 1187 (La.App. 5th Cir. 1988)), the court held that a conflict between the Code of Civil Procedure and the medical malpractice act should be resolved in favor of the Code. However, this case is distinguishable from the instant case, in that, Barraza involved the unique fact situation of whether a health care provider's failure to file a timely exception of prematurity prior to filing his answer in a district court suit waived his right to request a review panel.
[14] LSA-R.S. 40:1299.47(G) provides in pertinent part that:

The panel shall have the sole duty to express its expert opinion as to whether or not the evidence supports the conclusion that the defendant or defendants acted or failed to act within the appropriate standards of care....
[15] LSA-R.S. 9:5628 provides in part that:

No action for damages for injury or death against any physician ... hospital ... duly licensed under the laws of this state ... whether based upon tort, or breach of contract, or otherwise, arising out of patient care shall be brought unless filed within one year from the date of the alleged act, omission, or neglect, or within one year from the date of discovery of the alleged act, omission, or neglect; however, even as to claims filed within one year from the date of such discovery, in all events such claims shall be filed at the latest within a period of three years from the date of the alleged act, omission, or neglect.
[1] The majority concludes "that interrogatories are not permissible in the medical review panel proceeding." I agree that the applicable statutory provisions do not contemplate interrogatories. However, practically speaking, there is no prohibition against the continued voluntary use of interrogatories by one party and voluntary answers by the other party in an effort to expedite matters during the medical review panel proceeding. As the majority notes, the parties in the instant cases concede that interrogatories are the least expensive means of exchanging information during discovery. Thus, what we decide today is that a party cannot be compelled to respond to written interrogatories during the medical review panel proceeding. Reasonableness dictates most interrogatories should be answered voluntarily.
[2] Various provisions within LSA-R.S. 40:1299.47 make reference to the "proposed complaint," the "complaint," the "claim," and the "request for review." See, e.g., LSA-R.S. 40:1299.47; Perritt v. Dona, 35,628, 35,724, 35,841, p. 7 (La.App. 2 Cir. 9/20/02), 827 So.2d 1222, 1227.
[3] Article 891 provides, in pertinent part, that a petition "shall contain a short, clear, and concise statement of all causes of action arising out of, and of the material facts of, the transaction or occurrence that is the subject matter of the litigation."
[4] Abrogated on other grounds by Everything on Wheels Subaru, Inc. v. Subaru South, Inc., 616 So.2d 1234, 1235 (La.1993).