PATRICIA RIVET MURRAY, Judge.
| jThis is a nursing home medical malpractice action. The plaintiff, John Miller, appeals from the trial court’s decision sustaining a dilatory exception of prematurity and a peremptory exception of prescription filed by the defendant, Crescent City Health Services (“Crescent City”). For the reasons that follow, we affirm the trial court’s ruling sustaining the prescription exception, reverse its ruling sustaining the prematurity exception, and remand for further proceedings consistent with the views expressed in this opinion.
FACTUAL AND PROCEDURAL BACKGROUND
On September 17, 2003, Mr. Miller filed a complaint requesting a medical panel review pursuant to La. R.S. 40:1299.41, et seq. In his complaint, Mr. Miller alleged that Crescent City’s medical malpractice that formed the basis for his complaint arose out of the following facts: “On September 30, 2001, Vivian Miller, wife of John Miller, died as a result of negligent nursing care provided to her by Crescent City Health Care Center.” Thereafter, a medical review panel convened. The panel members unanimously determined that the evidence did not ^support the conclusion that Crescent City failed to meet the applicable standard of care as charged in the complaint.[1]
*893 On June 1, 2007, Mr. Miller filed the instant suit. According to the petition, Mr. Miller’s now deceased wife, Vivian Miller, was admitted to Crescent City’s nursing home on April 5, 2001, and resided there until September 17, 2001, when she died. The gist of the allegations of the petition is that Crescent City was negligent in providing nursing care to Mrs. Miller during the time she was in its care.
Crescent City responded by contemporaneously answering the petition and filing exceptions of prematurity and prescription. Crescent City asserted that it was a qualified health care provider and thus entitled to the protections of the Medical Malpractice Act, La. R.S. 40:1299.41, et seq. (the “MMA”). It further asserted that several of the causes of action or complaints raised in Mr. Miller’s petition were not brought before the medical review panel as required by the MMA and thus were premature. La. R.S. 40:1299.47. It still further asserted that several of Mr. Miller’s claims were prescribed at least in part.
On November 30, 2008, a hearing was held on the exceptions. On January 9, 2009, the trial court rendered a judgment sustaining the exceptions for the reasons orally stated at the hearing. On January 22, 2008, the trial court rendered written reasons for judgment.
Is At the November 2008 hearing, Crescent City’s attorney acknowledged that insofar as Mr. Miller’s petition asserted malpractice claims that were reviewed by the panel it was timely filed. However, as to newly alleged malpractice claims — claims that were not raised in the complaint filed in the panel proceeding — Crescent City argued that those claims were premature and prescribed. Although the trial court sustained the prematurity exception, it declined to decide if those newly asserted malpractice claims were prescribed.[2] The trial court further found that certain of the claims asserted in the petition were tort claims not subject to the MMA. The trial court found that those tort claims, which are subject to a one year prescriptive period, had prescribed. The trial court thus sustained Crescent City’s prescription exception as to the tort claims and dismissed those claims with prejudice. The trial court denied Mr. Miller’s motion for new trial. This appeal followed.[3]
DISCUSSION
On appeal, Mr. Miller’s sole assignment of error is that the trial court erred in granting the exception of prematurity and the exception of prescription because the record does not contain sufficient evidence to support that ruling.
Prescription Exception
14Although Mr. Miller assigned as error the trial court’s granting of both the exception of prematurity and prescription, *894 he briefed only the exception of prematurity. Nonetheless, we affirm the trial court’s ruling sustaining Crescent City’s exception of prescription as to the tort claims. Mrs. Miller died on September 30, 2001, but Mr. Miller failed to file suit until June 8, 2007, well beyond the one one-year prescriptive period. We thus find the trial court correctly sustained the prescription exception as to the tort claims.[4]
Prematurity Exception
The gist of Mr. Miller’s argument is that Crescent City failed to introduce evidence at the hearing on the exceptions to establish the fact that Mr. Miller’s petition included allegations that were not raised in his medical malpractice complaint (request for review). This argument is based on the assumption that an exception of prematurity must be sustained unless the plaintiffs petition tracks the language in the complaint submitted to the medical review panel. This assumption is belied by the nature of a medical review panel proceeding.
By its nature, a medical review panel proceeding encompasses the plaintiffs’ entire substantive cause of action against a medical provider for the alleged malpractice-negligent provision of services. A medical review panel proceeding is a non-judicial, pre-suit filtering process that is a prerequisite for filing a claim against a qualified health care provider in court. Everett v. Goldman, 359 So.2d 1256 (La.1978); LSA-R.S. 40:1299.47(A)(1).[5] Simply stated, the process is |ficommenced by the claimant filing a request for review or proposed complaint.[6] Based on the evidence before it, the panel renders a decision regarding whether the evidence supports a finding that the medical provider breached the applicable standard of care.[7]
*895 |fiThe difference between a request for review to initiate a panel proceeding and a petition to initiate a lawsuit was addressed by the Louisiana Supreme Court in Perritt v. Dona, 02-2601, 02-2603 (La.7/2/03), 849 So.2d 56.[8] The Court stated that a request for review “is not required to be a fact pleading with the specificity that may be required of a petition in a lawsuit; rather, the claim need only present sufficient information for the panel to make a determination as to whether the defendant is entitled to the protection of the Act.” Perritt, 02-2601, 02-2603 at p. 13, 849 So.2d at 65. A concurring justice further elaborated that although the MMA refers to the request for review as a “proposed complaint” and thus suggests the need for a claimant to set forth the standard of review, “such a necessity is tempered by the nature of the non-judicial setting and the differing roles of the experts on the review panel and the lay persons bringing the claims.” Perritt, 02-2601, 02-2603 at pp. 3-4 (Weimer, J., concurring), 849 So.2d at 68. Justice Weimer further noted that under Louisiana’s system of fact pleadings it is unnecessary to plead a legal duty or the standard of care. Perritt, 02-2601, 02-2603, at p. 4 (Weimer, J, concurring), 849 So.2d at 68 (citing La. C.C.P. art. 854, cmt. (a)). By analogy, Justice Weimer explained the same is true for the medical review complaint:
Likewise, the material fact allegations necessary for the malpractice complaint that commences the medical review panel proceedings must be sufficient for the expert panel to draw their conclusions regarding the applicable standard of care and whether a breach of that standard occurred. The material fact allegations should state, in laymen’s terms, the health care provider’s action or inaction and the claimant’s injury |7that would not otherwise have been incurred. Factual allegations of this nature thus satisfy the requirement in LSA-R.S. 40:1299.47(G)(1) and (2) that the expert panel’s conclusion be drawn from “the applicable standard of care as charged in the complaint.” LSA-R.S. 40:1299.47(G).
Perritt, 02-2601, 02-2603 at pp. 4-5 (Weimer, J, concurring), 849 So.2d at 68-69.
*896 Applying these principles to the instant case, Mr. Miller’s complaint seeking review of his malpractice claim alleged that the malpractice at issue was the negligent nursing care provided by Crescent City to his wife, Vivian Miller, which resulted in her death. The medical review panel has already been convened and considered the claimed malpractice. The medical review panel reviewed the submissions of both Mr. Miller and Crescent City and determined that the evidence did not support a finding that Crescent City breached the standard of care. Our review of the petition filed by Mr. Miller reveals that he alleges that Vivian Miller died on September 30, 2001, as a result of negligent nursing care provided to her by Crescent City. This allegation was the subject of the medical review panel proceeding. Given that a medical review panel has already considered the claimed malpractice, we find that the trial court erred in maintaining the exception of prematurity-

DECREE

For the foregoing reasons, the judgment of the trial court sustaining the exception of prematurity is reversed. In all other respects, the judgment of the trial court is affirmed. This matter is remanded to the trial court for further proceedings consistent with this opinion.
AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.

. Although a copy of the medical review panel's opinion is not included in the record on appeal, Crescent City acknowledged in its answer and in its memorandum in support of its exceptions that this matter proceeded to a medical review panel which unanimously found that there was no breach of the applicable standard of care.

. In its written reasons for judgment, the trial court reasoned that it was without authority to rule on whether the newly asserted medical malpractice claims were prescribed pursuant to La. R.S. 9:5628. It further reasoned that "[w]hen the panel request is filed, the health care provider can assert a prescription exception in a court of competent jurisdiction and proper venue at any time without regard to whether the medical review panel process is complete.” Finally, the trial court noted that it could not entertain a prescription exception as to those newly asserted medical malpractice claims until a new medical review panel is requested. Given our finding that the trial court erred in sustaining the exception of prematurity, we find it necessary to remand for the trial court to address these claims, which it declined to consider.

. After Mr. Miller's motion for appeal was granted, Crescent City filed a motion for summary judgment. Although the trial court granted that motion, the trial court's ruling on that motion is not before us on this appeal.

. Crescent City invites this court on appeal to find that any and all claims that were not presented to the medical review panel do not relate back and have prescribed. We decline to reach the issue of prescription as to the newly asserted medical malpractice claims. Rather, we find it appropriate to remand for the trial court to address these claims, which we find are not premature.

. La. R.S. 40:1299.47(A)(1) provides that:
A. (l)(a) All malpractice claims against health care providers covered by this Part, other than claims validly agreed for submission to a lawfully binding arbitration procedure, shall be reviewed by a medical review panel established as hereinafter provided for in this Section. The filing of a request for review by a medical review panel as provided for in this Section shall not be reportable by any health care provider, the Louisiana Patient's Compensation Fund, or any other entity to the Louisiana State Board of Medical Examiners, to any licensing authority, committee, or board of any other state, or to any credentialing or similar agency, committee, or board of any clinic, hospital, health insurer, or managed care company.

. La. R.S. 40:1299.47 A.(l)(b) provides that at a minimum, the request for review of a malpractice claim must contain all of the following:
(i) A request for the formation of a medical review panel.
(ii) The name of the patient.
(iii) The names of the claimants.
(iv) The names of defendant health care providers.
(v) The dates of the alleged malpractice.
(vi) A brief description of the alleged malpractice as to each named defendant health care provider.
(vii) A brief description of alleged injuries.

. La. R.S. 40:1299.47(G) provides:
The panel shall have the sole duty to express its expert opinion as to whether or not the evidence supports the conclusion that the defendant or defendants acted or failed to act within the appropriate standards of care. After reviewing all evidence and after any examination of the panel by counsel representing either party, the panel shall, within thirty days, render one or more of the following expert opinions, which shall be in writing and signed by the *895 panelists, together with written reasons for their conclusions:
(1) The evidence supports the conclusion that the defendant or defendants failed to comply with the appropriate standard of care as charged in the complaint.
(2) The evidence does not support the conclusion that the defendant or defendants failed to meet the applicable standard of care as charged in the complaint.
(3) That there is a material issue of fact, not requiring expert opinion, bearing on liability for consideration by the court.
(4) When Paragraph (1) of this subsection is answered in the affirmative, that the conduct complained of was or was not a factor of the resultant damages. If such conduct was a factor, whether the plaintiff suffered: (a) any disability and the extent and duration of the disability, and (b) any permanent impairment and the percentage of the impairment.

. The Perritt case involved three separate medical malpractice claims pending before medical review panels. In each of those cases, the health care providers asserted that the claimants had failed to provide sufficient notice in their request for review of the material facts. The Court in Perritt held that the health care providers could not compel the claimants to respond to interrogatories requesting information on the standard of care. The Court further held that the health care providers could not file an exception of no cause of action or vagueness during the time the claim was before the medical review panel. Citing La. R.S. 40:1299.47(B)(2)(a), the Court found that the only exception permitted to be filed during the course of the medical review panel proceeding is a peremptory exception of prescription.