ON REMAND FROM THE LOUISIANA SUPREME COURT
 

 GENOVESE, Judge.
 

 |, This case comes before this court pursuant to remand from the Louisiana Supreme Court. Defendant/Applicant, CHRISTUS Health Central Louisiana d/b/a CHRISTUS St. Frances Cabrini Hospital (Cabrini), initially applied for supervisory writs with this court to reverse the judgment of the trial court denying its Exception of Prematurity with regard to a medical malpractice claim. This court denied Cabrini’s writ finding “no error in the trial court’s ruling.” Cabrini then applied for a writ of certiorari with the Louisiana Supreme Court. Cabrini’s writ to the supreme court was granted, and the case was remanded to us for briefing, argument, and opinion. For the reasons that follow, we grant the writ and make it peremptory.
 

 FACTS
 

 Plaintiff, Shondrea Dinnat, underwent a total abdominal hysterectomy performed by Defendant, Dr. David Spence Texada, at Cabrini, on or about December 5, 2006. During this surgical procedure, it is alleged that Dr. Texada negligently injured Mrs. Dinnat’s right ureter.
 

 Mrs. Dinnat and her husband, Denny Dinnat, filed a civil suit in tort naming as Defendants, Dr. Texada, his alleged insurer, Louisiana Medical Mutual Insurance Company (LAMMICO),
 
 [1]
 
 Cabrini, and the Louisiana Patient’s Compensation Fund (PCF). Mr. Dinnat’s claim is for loss of consortium.
 

 Mrs. Dinnat’s only allegation against Cabrini, as set forth in paragraph twelve of the original and first supplemental and amending petitions, is as follows (emphasis added):
 

 |2On information and belief, Cabrini is solidarily liable with Dr. Texada for the damages suffered by plaintiffs because Cabrini
 
 was aware of multiple prior acts of malpractice committed by Dr. Texada, and Cabiini failed to suspend or revoke Dr. Texada’s hospital privileges.
 
 On information and belief, Cabrini finally revoked Dr. Texada’s privileges following the malpractice in this case.
 

 In response to Plaintiffs’ lawsuit, Cabrini filed an Exception of Prematurity stating that Plaintiffs’ claim against it was covered under the definition of “malpractice” in the Medical Malpractice Act (MMA) as set forth in La. R.S. 40:1299.41(A)(13).
 
 [2]
 
 The trial court denied
 
 *1141
 
 Cabrini’s exception. This court denied supervisory writs, finding no error in the trial court’s ruling. The Louisiana Supreme Court granted Cabrini’s Writ of Certiorari and has remanded the case to this court for briefing, argument, and opinion.
 

 ASSIGNMENTS OF ERROR
 

 Counsel for Cabrini presents two assignments of error for review:
 

 1. The trial court erred by failing to apply the test set forth in
 
 Coleman v. Deno,
 
 01-1517 (La.1/25/02), 813 So.2d 303, to determine whether the Plaintiffs’ allegation against Cabrini is “malpractice” as defined by the MMA.
 

 2. The trial court erred in denying the Exception filed on behalf of CHRIS-TUS St. Frances Cabrini Hospital.
 

 LAW AND DISCUSSION
 

 The allegations in Plaintiffs’ original and first and supplemental amending petitions claim that Cabrini “was aware of multiple prior acts of malpractice | scommitted by Dr. Texada, and Cabrini failed to suspend or revoke Dr. Texada’s hospital privileges.” There is no mention in Plaintiffs’ original petition or in any of the supplemental and amending petitions of any allegation against Cabrini for negligent credentialing. Basically, Plaintiffs’ claim against Dr. Texada is one of
 
 negligent
 
 supervision, not negligent credentialing.
 

 Though the word “credentialing” is commonly referred to by all parties, this is not a negligent credentialing case. As stated in
 
 Black's Law Dictionary
 
 395 (8th ed.2004), the word “credential” is defined as “a document or other evidence that proves one’s authority or expertise.” Plaintiffs do not allege that Cabrini should not have allowed Dr. Texada hospital privileges or that he lacked the authority to perform surgery at its hospital. To the contrary, Plaintiffs only and specifically allege that, Dr. Texada’s privileges should have been suspended or revoked because of his prior malpractice. Therefore, the legal issue before us is not whether Dr. Texada, initially, was negligently eredent-ialed, but whether he was negligently supervised after being credentialed.
 

 This is critical to Plaintiffs’ case as the term “credentialing” is not listed in the definition of malpractice in the MMA. Louisiana Revised Statutes 40:1299.41(A)(13) (emphasis added), as amended in 2001, defines “malpractice,” in pertinent part, as:
 

 [A]ny unintentional tort or any breach of contract based on health care or professional services rendered, or which should have been rendered, by a health care provider, to a patient, including failure to render services timely and the handling of a patient, including loading and unloading of a patient, and also includes all legal responsibility of a health care provider arising from acts or omissions ..., in the training or
 
 supervision
 
 of health care providers
 

 Counsel for Cabrini argues that the allegations in Plaintiffs’ original and ^supplemental and amending petitions are covered under the language of the MMA. Counsel for the PCF argues that the case of
 
 Bickham v. Inphynet, Inc.,
 
 03-1897 (La.App. 1 Cir. 9/24/04), 899 So.2d 15,
 
 writ denied,
 
 04-2638 (La.12/17/04), 888 So.2d 876, applies to the case at bar. However,
 
 Bickham,
 
 is a negligent credentialing case prior to the 2001 amendment to the MMA. It is, therefore, distinguishable and inapplicable since the case at bar is not a credentialing case, and the provisions prior to the 2001 amendment to the MMA do apply to Plaintiffs’ allegation in the petitions. Counsel for the PCF also refers to the case of
 
 Eusea v. Blanchard,
 
 04-1855 (La.App. 1 Cir. 2/11/05), 899 So.2d 41, which, like
 
 Bickham,
 
 was decided pursuant
 
 *1142
 
 to the definition of malpractice that was in effect prior to the 2001 amendment and is likewise inapplicable.
 

 Plaintiffs specifically allege that Cabrini should have suspended or revoked Dr. Texada’s hospital privileges because of his prior acts of malpractice. This allegation presupposes the fact that Dr. Texada already had hospital privileges and, hence, had already been credentialed. Additionally, Plaintiffs neither mention nor claim any negligent credentialing of Dr. Texada either at the onset or during his tenure at Cabrini. Hence, Plaintiffs’ claim is specifically one of negligent supervision. We find that Plaintiffs’ allegations are tantamount to a claim of negligent supervision, not negligent credentialing, and are thus covered under the MMA. The general rule is that any conduct by a hospital of which a patient complains is within the scope of the MMA if it comes within the definitions of the MMA, even if there are alternative theories of liability.
 
 Richard v. Louisiana Extended Care Centers, Inc.,
 
 02-978 (La.1/14/03), 835 So.2d 460. The current definition of malpractice appearing at La. R.S. 40:1299.41(A)(13), which is applicable |,fin this case, specifically includes “all legal responsibility of a health care provider arising from acts or omissions ... in the training or
 
 supervision
 
 of health care providers.” “When a law is clear and unambiguous and its application does not lead to absurd consequences, the law shall be applied as written and no further interpretation may be made in search of the intent of the legislature.” La.Civ.Code art. 9. Because Plaintiffs’ claim is one of negligent supervision, and because negligent supervision is specifically defined as an act of malpractice under the MMA, as of the 2001 amendment, the MMA applies.
 

 Additionally, we will address the six-prong test originally set forth in
 
 Coleman v. Deno,
 
 01-1517 (La.1/25/02), 813 So.2d 303, which analysis our supreme court has repeatedly stated must be performed when attempting to determine whether an allegation is malpractice as defined by the MMA.
 
 See, e.g., Blevins v. Hamilton Medical Ctr.,
 
 07-127 (La.6/29/07), 959 So.2d 440;
 
 Williamson v. Hosp. Serv. Dist. No. 1 of Jefferson,
 
 04-451 (La.12/1/04), 888 So.2d 782;
 
 Richard,
 
 835 So.2d 460. The six factors of the
 
 Coleman
 
 test are as follows:
 

 (1) whether the particular wrong is “treatment related” or caused by a dereliction of professional skill; (2) whether the wrong requires expert medical evidence to determine whether the appropriate standard of care was breached; (3) whether the pertinent act or omission involved assessment of the patient’s condition; (4) whether an incident occurred in the context of a physician-patient relationship, or was within the scope of activities which a hospital is licensed to perform; (5) whether the injury would have occurred if the patient had not sought treatment; and (6) whether the tort alleged was intentional.
 

 Richard,
 
 835 So.2d at 469.
 

 As to the first factor of the
 
 Coleman
 
 test, Plaintiffs allege “prior acts of malpractice” committed by Dr. Texada; therefore, the particular wrong is “treatment related” and is also alleged to be caused by a “dereliction of professional skill.” | r,Hence, the first factor of
 
 Coleman
 
 is satisfied.
 

 As to the second factor of the
 
 Coleman
 
 test, Plaintiffs’ allegation of “prior acts of malpractice” committed by Dr. Texada will require “expert medical evidence to determine whether the appropriate standard of care was breached.” Hence, the second factor of
 
 Coleman
 
 is satisfied.
 

 As to the third factor of the
 
 Coleman
 
 test, Plaintiffs’ allegation of “prior acts of malpractice” committed by Dr. Texada will involve an “assessment of the patient’s condition.” Hence, the third factor of the
 
 Coleman
 
 test is satisfied.
 

 
 *1143
 
 As to the fourth factor of the
 
 Coleman
 
 test, Plaintiffs’ allegation that “Cabrini failed to suspend or revoke Dr. Texada’s hospital privileges” is “within the scope of activities which a hospital is licensed to perform” as set forth in La. R.S. 40:2114. Louisiana Revised Statutes 40:2114(E) provides: “A hospital shall establish rules, regulations, and procedures setting forth the nature, extent, and type of staff membership and clinical privileges, as well as the limitations placed by the hospital on said staff membership and clinical privileges for all health care providers practicing therein.” Hence, the fourth factor of
 
 Coleman
 
 is satisfied.
 

 As to the fifth factor of the
 
 Coleman
 
 test, any injury suffered by Ms. Dinnat as a result of Cabrini’s alleged negligence “would [not] have occurred if [she] had not sought treatment” from Dr. Texada at Cabrini. Hence, the fifth factor of
 
 Coleman
 
 is satisfied.
 

 As to the sixth factor of the
 
 Coleman
 
 test, since the alleged acts and/or omissions made by Plaintiffs are not allegations of an “intentional tort,” the sixth factor in
 
 Coleman
 
 is inapplicable and impertinent.
 

 Having thoroughly considered Plaintiffs’ allegations in the petitions, the MMA, | yspecifically the applicable and current definition of malpractice set forth in the act, and the six factors of the
 
 Coleman
 
 test, we find that Plaintiffs’ claim is one of negligent supervision
 
 [3]
 
 and that it is an act of malpractice covered under the MMA.
 

 DECREE
 

 For the foregoing reasons, we grant the writ and make it peremptory; we reverse the judgment of the trial court denying the Exception of Prematurity filed by CHRIS-TUS Health Central Louisiana d/b/a CHRISTUS St. Frances Cabrini Hospital; we grant the Exception of Prematurity; and, we dismiss the petitions of Shondrea and Denny Dinnat without prejudice so that this matter can be submitted to a medical review panel.
 

 WRIT GRANTED AND MADE PEREMPTORY.
 

 [1]
 

 . LAMMICO has since been dismissed from this litigation.
 

 [2]
 

 . The definition of "malpractice,” previously found in La. R.S. 40:1299.41(A)(8), is now contained in La. R.S. 40:1299.41(A)(13) pursuant to the 2008 revision which amended subsection A to place the definitions in alphabetical order.
 

 [3]
 

 . Though counsel have presented arguments relative to the issue of "credentialing,” said issue was neither pled by the Plaintiffs, nor decided by the trial court; therefore, it is not before this court.