STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT
10-348 consolidated with 09-1502

SCOTT ANTHONY PLAISANCE, ET AL.

VERSUS

OUR LADY OF LOURDES REGIONAL
MEDICAL CENTER, INC., ET AL.

**********

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. 2009-2570-D
HONORABLE EDWARD D. RUBIN, DISTRICT JUDGE

**********

**MARC T. AMY**
**JUDGE**

**********

Court composed of John D. Saunders, Marc T. Amy, and Elizabeth A. Pickett, Judges.

**AFFIRMED.**

Patrick M. Wartelle
Leake & Andersson, L.L.P.
Post Office Drawer Z
Lafayette, LA   70502
(337) 233-7430
COUNSEL FOR DEFENDANT/RESPONDENT:
        Our Lady of Lourdes Regional Medical Center, Inc.

Ronald C. Richard
Richard Law Firm, L.L.C.
1322 Ryan Street
Lake Charles,   LA 70601
(337) 494-1900
COUNSEL FOR PLAINTIFFS/APPLICANTS:
        Scott Anthony Plaisance, et al.

AMY, Judge.

The plaintiffs filed suit in district court against the defendant hospital, alleging it negligently credentialed and retained the surgeon who performed various medical procedures on one of the plaintiffs. The defendant hospital filed an exception of prematurity, asserting that the plaintiffs' allegations were covered under the Louisiana Medical Malpractice Act, and thus, were required to first be reviewed by a medical review panel. The trial court sustained the defendant hospital's exception. The plaintiffs appeal and file an application for supervisory writ. For the reasons that follow, we affirm.

## Factual and Procedural Background

Scott Plaisance, his wife, Monique Plaisance, individually and as legal representatives of their two minor children (collectively plaintiffs), filed suit in the Fifteenth Judicial District Court naming Our Lady of Lourdes Regional Medical Center (Lourdes), among others, as defendant, alleging Lourdes was responsible for the "[n]egligent credentialing and/or retention" of surgeon Dr. Curtis L. Beauregard, who had performed three neurosurgical procedures on Scott Plaisance at Lourdes Hospital. The petition alleged, in part, that Lourdes was liable to the plaintiffs because "they were aware of Dr. Beauregard's acts and behavior that occurred during the course of his treatment of Mr. Plaisance during April, May, and June of 2008 that should have prevented him from being allowed to retain privileges at Our Lady of Lourdes." The petition further stated that the plaintiffs had also filed a "Petition for Medical Review Panel," asserting a claim of medical malpractice in connection with Dr. Beauregard's treatment.

In response to the plaintiffs' suit, Lourdes filed an exception of prematurity asserting that the plaintiffs' claim against it was covered under the definition of

"malpractice" found in Louisiana's Medical Malpractice Act (LMMA), and thus, the plaintiffs were required to submit their claims to a medical review panel before filing the instant suit in district court. La.R.S. 40:1299.41(A)(13); La.R.S. 40:1299.47. Following a hearing, the trial court sustained Lourdes's exception of prematurity.

The plaintiffs appeal[1], asserting that the trial court erred in sustaining Lourdes' exception in finding that "negligent credentialing" constituted "malpractice" under the LMMA. La.R.S. 40:1299.41(A)(13).

**Discussion**

A medical malpractice claim against a private qualified health care provider[2] is subject to dismissal in a district court on an exception of prematurity if that claim has not first been presented to a medical review panel. La.R.S. 40:1299.47(A); *Lacoste v. Pendleton Methodist Hosp., L.L.C.*, 07-08, 07-16 (La. 9/5/07), 966 So.2d 519. The LMMA and its procedural requirements apply solely to malpractice claims as defined in La.R.S. 40:1299.41(A)(13), as follows:

> "Malpractice" means any unintentional tort or any breach of contract based on health care or professional services rendered, or which should have been rendered, by a health care provider, to a patient, including failure to render services timely and the handling of a patient, including loading and unloading of a patient, and also includes all legal responsibility of a health care provider arising from acts or omissions during the procurement of blood or blood components, in the training or supervision of health care providers, or from defects in blood, tissue, transplants, drugs, and medicines, or from defects in or failures of prosthetic devices implanted in or used on or in the person of a patient.

[1] Plaintiffs also sought review of the trial court's judgment through a writ application; in the interest of judicial economy and justice, the ruling on the plaintiffs writ application is rendered simultaneously with this opinion. For the companion case to this appeal, *see Scott Anthony Plaisance, et. al. v. Our Lady of Lourdes Regional Medical Center, et. al.,* CW 09-1502 (La.App. 3 Cir. _/_/__), __ So.3d ___.

[2] Neither party disputes that Lourdes is a qualified health care provider under La.R.S. 40:1299.41(10).

2

The plaintiffs argue that the LMMA's definition of malpractice does not contain the claim of "negligent credentialing" and thus, as the LMMA is to be strictly construed against coverage under the statute, their claim falls outside the limitations of the LMMA. *See Williamson v. Hosp. Serv. Dist. No. I of Jefferson*, 04-451 (La. 12/1/04), 888 So.2d 782 (wherein the supreme court explained coverage under the LMMA should be strictly construed because the limitations of the Medical Malpractice Act on the liability of qualified health care providers is special legislation in derogation of the rights of tort victims). Lourdes argues that the plaintiffs' claims while styled as a "negligent credentialing" claim, is, in reality, a claim for negligent supervision which is specifically mentioned in the LMMA.

In determining whether the plaintiffs' claims constitute malpractice under the LMMA, we must go further than a review of whether plaintiffs' claims are titled "negligent credentialing" or "negligent supervision" and look instead to whether "the entirety of the conduct on which plaintiff[s'] claim against Dr. [Beauregard] is based fits within the ambit of the statutory definition of 'malpractice.'" *Coleman v. Deno*, 01-1517, 01-1519, 01-1521, p.22 (La. 1/25/02), 813 So.2d 303, 318. The *Coleman* court set forth six factors to assist in the determination of whether a claim constitutes malpractice under the LMMA:

> [1] whether the particular wrong is "treatment related" or caused by a dereliction of professional skill,
>
> [2] whether the wrong requires expert medical evidence to determine whether the appropriate standard of care was breached,
>
> [3] whether the pertinent act or omission involved assessment of the patient's condition,
>
> [4] whether an incident occurred in the context of a physician-patient relationship, or was within the scope of activities which a hospital is licensed to perform,

3

[5] whether the injury would have occurred if the patient had not sought treatment, and

[6] whether the tort alleged was intentional.

*Id.* at 315-16.

Here, the exceptor, Lourdes, bears the burden of proving it is entitled to a medical review panel because the plaintiffs' allegations fall under the LMMA. *Lacoste,* 966 So.2d 519. The record reveals that neither party presented evidence at the trial on the exception of prematurity. As such, this court "must render its decision on the exception based upon the facts as alleged in the petition, and all allegations therein must be accepted as true." *Id*. at 525; *See also* La.Code Civ.P. art. 930.

*[1] Whether the particular wrong is "treatment related" or caused by a dereliction of professional skill*

The plaintiffs assert, in brief, that the tortious act at issue is not "treatment related" because the decision by Lourdes to grant Dr. Beauregard credentials to operate in its hospital was made before the treatment of any patients. Lourdes, however, argues that the negligent credentialing claim, as stated in the plaintiffs' petition, "focuses on what was done by the hospital after Dr. Beauregard received credentials."

While the plaintiffs argue that the alleged misconduct occurred before the treatment of any patients, the petition's allegations, which we must accept as true, allege Our Lady of Lourdes "were aware of Dr. Beauregard's prior acts and behavior that should have prevented him from obtaining full privileges" *in addition to* misconduct directly related to Mr. Plaisance's treatment. The petition states that Lourdes is liable for the plaintiffs' damages because "they were aware of Dr. Beauregard's acts and behavior that occurred during the course of his treatment of

4

Mr. Plaisance at Our Lady of Lourdes during April, May, and June of 2008 that should have prevented him from being allowed to retain privileges at Our Lady of Lourdes." The plaintiffs' "negligent credentialing" claim, as explained by them in the petition, encompasses not only the initial decision to provide Dr. Beauregard credentials but the subsequent decision to retain those credentials in light of what it alleges were multiple unsatisfactorily performed medical procedures. Accordingly, we find that the alleged misconduct relates to medical treatment or the dereliction of professional medical skill.

*[2] Whether the wrong requires expert medical evidence to determine whether the appropriate standard of care was breached*

The plaintiffs argue that expert medical evidence will not be needed to determine Lourdes's appropriate standard of care because the standard of care "is based in the standards of hiring and reviewing applicants for credentialing." While there may be merit in the plaintiffs' argument that expert medical evidence may not be needed to review Lourdes's hiring standards, as explained above, the misconduct alleged includes Lourdes response of retaining Dr. Beauregard in light of his alleged deficient performance of medical procedures. It follows that expert medical evidence would be required to determine whether Dr. Beauregard was qualified to perform the medical procedures, whether he committed malpractice, and whether that malpractice necessarily created a duty on the hospital to take action.

*[3] Whether the pertinent act or omission involved assessment of the patient's condition*

This factor additionally weighs in favor of finding the plaintiffs' allegations sound in malpractice. The plaintiffs' claims involve evaluating Lourdes's response

5

in light of his treatment of Mr. Plaisance which will necessarily involve the assessment of his condition.

*[4] Whether an incident occurred in the context of a physician-patient relationship, or was within the scope of activities which a hospital is licensed to perform*

The plaintiffs' petition alleges that Lourdes was aware of certain negligent acts of Dr. Beauregard "yet failed to suspend or revoke [his] privileges." Louisiana Revised Statutes 40:2114(E) provides that "[a] hospital shall establish rules, regulations, and procedures setting forth the nature, extent, and type of staff membership and clinical privileges, as well as the limitations placed by the hospital on said staff membership and clinical privileges for all health care providers practicing therein." Thus, Lourdes's action or inaction regarding Dr. Beauregard's privileges is within the scope of activities a hospital is licensed to perform, and the fourth factor is satisfied. *See Dinnat v. Texada*, 09-665 (La.App. 3 Cir. 2/10/10), 30 So.3d 1139, *writ denied*, 10-540 (La. 6/18/10), ___ So.3d ___.

*[5] Whether the injury would have occurred if the patient had not sought treatment*

The plaintiffs' alleged injuries relate to Dr. Beauregard's performance of medical procedures and thus would not have occurred if the patient had not sought treatment. Thus, the fifth factor is satisfied.

*[6] Whether the tort alleged was intentional*

This factor is inapplicable in the present case as the plaintiffs' petition makes no allegations of an intentional tort. *Id.*

Having considered the plaintiffs' allegations in the petition, the LMMA, and the six factor *Coleman* test, we find that the trial court correctly decided that the plaintiffs' claim are covered as a malpractice claim under the LMMA.

**DECREE**

The judgment of the trial court sustaining the defendant's, Our Lady of Lourdes Regional Medical Center, exception of prematurity is affirmed. All costs of these proceedings are assessed to the plaintiffs-appellants.

**AFFIRMED.**

7