RHONDA DANOS, INDIVIDUALLY, AND AS CURATRIX FOR THE INTERDICT, RONALD MARTIN, AND SCHEREE MARTIN

VERSUS

EMERY A. MINNARD, M.D., JEFFERSON PARISH HOSPITAL SERVICE DISTRICT NO. 1 D/B/A WEST JEFFERSON MEDICAL CENTER, CRESCENT SURGICAL GROUP, LLC, DR. MICHAEL COOK AND DR. MARK KAPPELMAN

NO. 19-C-268

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

ON APPLICATION FOR SUPERVISORY REVIEW FROM THE
TWENTY-FOURTH JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON, STATE OF LOUISIANA
NO. 784-089, DIVISION "I"
HONORABLE NANCY A. MILLER, JUDGE PRESIDING

August 28, 2019

**JUDE G. GRAVOIS**
**JUDGE**

Panel composed of Judges Jude G. Gravois,
Marc E. Johnson, and Robert A. Chaisson

**WRIT GRANTED; JUDGMENT VACATED; MATTER REMANDED WITH INSTRUCTIONS**
    **JGG**
    **MEJ**
    **RAC**

COUNSEL FOR PLAINTIFF/RELATOR,
RHONDA DANOS, INDIVIDUALLY, AND AS CURATRIX FOR THE
INTERDICT, RONALD MARTIN, AND SCHEREE MARTIN
    Timothy R. Richardson

COUNSEL FOR DEFENDANT/RESPONDENT,
JEFFERSON PARISH HOSPITAL SERVICE DISTRICT NO. 1, D/B/A WEST
JEFFERSON MEDICAL CENTER
    Peter J. Butler, Jr.
    Richard G. Passler, Jr.
    Michael C. Luquet
    Lydia H. Toso

COUNSEL FOR DEFENDANT/RESPONDENT,
EMERY MINNARD MD; MICHAEL COOK MD; MARK KAPPELMAN MD
AND CRESCENT SURGICAL GROUP, LLC
    Mark E. Kaufman
    Bryan J. Knight

**GRAVOIS, J.**

Plaintiffs/relators, Rhonda Danos, individually, and as curatrix for the interdict, Ronald Martin, and Scheree Martin, seek this Court's supervisory review of the trial court's May 9, 2019 interlocutory judgment which denied their motion to compel the production of documents that defendants/respondents, Drs. Emery Minnard, Michael Cook and Mark Kappelman, Crescent Surgical Group, LLC, and Jefferson Parish Hospital Service District No. 1, d/b/a West Jefferson Medical Center ("WJMC"), claim are privileged under the Louisiana Peer Review Statute, La. R.S. 13:3715.3. For the following reasons, we grant the writ application, vacate the trial court judgment in question, and remand the matter with instructions as set forth herein.

## FACTS AND PROCEDURAL BACKGROUND

This case arises out of medical treatment received by relators' decedent, Joann Hotard, at WJMC. In their petition for damages, plaintiffs asserted various claims of medical malpractice against defendants, respectively, and additionally a claim of negligent credentialing against WJMC.

In the course of discovery, plaintiffs propounded the following discovery to WJMC, to wit:

**REQUEST FOR PRODUCTION NO. 3:**

Please provide a copy of the entire file for Kappelman, Minnard and Cook including but not limited to applications for credentialing process for privilege with your facility; disciplinary records, background searches; suits and/or review panel submission/judgments filed against them; the entire credentialing file pre and post privilege determination.

WJMC objected to the request, stating that the documents are privileged pursuant to La. R.S. 13:3715.3[1] and La. R.S. 44.7, *infra*, n. 2. In response, plaintiffs filed a

---

[1] La. R.S. 13:3715.3 provides, in pertinent part:

A. Notwithstanding the provisions of R.S. 44:7(D) or any other law to the contrary, all records, notes, data, studies, analyses, exhibits, and proceedings of:

motion to compel, arguing that the requested information is relevant since the medical review panel determined that the physicians committed malpractice, and there is evidence that WJMC had prior issues with Dr. Minnard.

At the hearing on the motion to compel on April 25, 2019, plaintiffs' counsel stated that in addition to the medical malpractice claims asserted by plaintiffs, they also asserted a separate negligent credentialing claim against WJMC. Plaintiffs'

---

(1) Any public hospital committee, medical organization peer review committee, any nationally recognized improvement agency or commission, including but not limited to the Joint Commission on Accreditation of Healthcare Organizations (JCAHO), or any committee or agency thereof, or any healthcare licensure agency of the Louisiana Department of Health, public hospital board while conducting peer reviews, dental association peer review committee, professional nursing association peer review committee, extended care facility committee, nursing home association peer review committee, peer review committee of a group medical practice of twenty or more physicians, peer review committee of a freestanding surgical center licensed pursuant to R.S. 40:2131 et seq., or health maintenance organization peer review committee, including but not limited to the credentials committee, the medical staff executive committee, the risk management committee, or the quality assurance committee, any committee determining a root cause analysis of a sentinel event, established under the bylaws, rules, or regulations of such organization or institution, or

(2) Any hospital committee, the peer review committees of any medical organization, dental association, professional nursing association, nursing home association, social workers association, group medical practice of twenty or more physicians, nursing home, ambulatory surgical center licensed pursuant to R.S. 40:2131 et seq., ambulance service company, health maintenance organization, any nationally recognized improvement agency or commission, including but not limited to the Joint Commission on Accreditation of Healthcare Organizations (JCAHO), or any committee or agency thereof, or any healthcare licensure agency of the Louisiana Department of Health, or healthcare provider as defined in R.S. 40:1299.41(A), or extended care facility committee, including but not limited to the credentials committee, the medical staff executive committee, the risk management committee, or the quality assurance committee, any committee determining a root cause analysis of a sentinel event, established by the peer review committees of a medical organization, dental organization, group medical practice of twenty or more physicians, social workers association, ambulatory surgical center licensed pursuant to R.S. 40:2131 et seq., ambulance service company, health maintenance organization, or healthcare provider as defined in R.S. 40:1299.41(A), or private hospital licensed under the provisions of R.S. 40:2100 et seq., shall be confidential wherever located and shall be used by such committee and the members thereof only in the exercise of the proper functions of the committee and shall not be available for discovery or court subpoena regardless of where located, except in any proceedings affecting the hospital staff privileges of a physician, dentist, psychologist, or podiatrist, the records forming the basis of any decision adverse to the physician, dentist, psychologist, or podiatrist may be obtained by the physician, dentist, psychologist, or podiatrist only. However, no original record or document, which is otherwise discoverable, prepared by any person, other than a member of the peer review committee or the staff of the peer review committee, may be held confidential solely because it is the only copy and is in the possession of a peer review committee.

B. No employee, physician, dentist, public or private hospital, organization, or institution furnishing information, data, reports, or records to any such committee with respect to any patient examined or treated by such physician or dentist or confined in such hospital or institution shall be liable in damages to any person by reason of furnishing such information.

C. No member of any such committee designated in Subsection A of this Section or any sponsoring entity, organization, or association on whose behalf the committee is conducting its review shall be liable in damages to any person for any action taken or recommendation made within the scope of the functions of such committee if such committee member acts without malice and in the reasonable belief that such action or recommendation is warranted by the facts known to him.

* * *

19-C-268                                                          2

counsel argued that in 2016, the Louisiana Supreme Court recognized a cause of action for negligent credentialing, and in their discovery requests, plaintiffs were simply seeking information concerning the credentialing of these doctors, not peer review documentation pertaining to their decedent's case, in order to determine why WJMC allowed these doctors to continue practicing at WJMC.

In response, defense counsel argued that La. C.C.P. art. 1442 governs the limits of discovery, which specifically provides that parties may obtain discovery regarding any matter not privileged which is relevant to the subject matter involved in the pending action. Counsel further argued that La. R.S. 13:3715.3 provides that a hospital's peer review committee records are privileged and not available for discovery or court subpoena, with the only exception being that when a physician's hospital privileges are suspended or revoked by the hospital, he can obtain a copy of his own credentialing file if he brings a lawsuit against the hospital to be reinstated.

In response, plaintiffs' counsel reiterated that since he was not seeking peer review of plaintiffs' decedent's case, but rather was only seeking documentation pertaining to negligent credentialing, he did not understand how the Louisiana Supreme Court could indicate that there is a cause of action outside of the Medical Malpractice Act for negligent credentialing, but that his clients did not have the right to look at the documents that could support their negligent credentialing cause of action.

At the conclusion of the hearing, the trial court denied plaintiffs' motion to compel, stating: "Mr. Richardson [plaintiffs' counsel], I certainly understand your case and I understand the dilemma that you are in. However, the Court is bound by the confidentiality of the peer review statute and in deciding the *Billeaudeau* case [*infra*], the Supreme Court did not address [La. R.S.] 13:3715.3. So I am

going to deny your motion to compel and I encourage you to take me up." A written judgment denying the motion to compel was signed on May 9, 2019.

In their writ application, plaintiffs argue that the trial court erred in denying their motion to compel. They argue that in *Billeaudeau v. Opelousas Gen. Hosp. Auth.*, 16-0846 (La. 10/19/16), 218 So.3d 513, the Louisiana Supreme Court recognized negligent credentialing as a cause of action arising in general negligence, and the information they seek as to how and why the physicians were credentialed is relevant and admissible. Plaintiffs further contend that they have uncovered facts that WJMC had prior knowledge of issues with Dr. Minnard, including an opinion of this Court, *Daniel v. Minnard*, 16-260 (La. App. 5 Cir. 6/14/16), 196 So.3d 160, and public records of a settlement in that matter. Plaintiffs argue that WJMC's reliance on La. R.S. 13:3715.3 is misplaced since plaintiffs did not seek peer review committee information relating to internal investigations of the physicians.

In their oppositions to the writ application, defendants/respondents argue that the documents sought are not discoverable because they are privileged pursuant to La. R.S. 13:3715.3. Respondents contend that none of the documents sought by plaintiffs would exist but for the peer review process of obtaining information in order to determine whether the physicians should have privileges at WJMC. Further, respondents argue that plaintiffs have failed to establish that the information they seek is relevant or reasonably calculated to lead to the discovery of admissible evidence in support of their negligent credentialing claim. Specifically, respondents argue that the public records information obtained regarding Dr. Minnard fails to establish a connection to the negligent credentialing claim here, and the information does not demonstrate that Dr. Kappelman and Dr. Cook's credentials can be questioned.

**ANALYSIS**

In ruling on discovery matters, the trial court is vested with broad discretion, and an appellate court should not disturb such rulings absent a clear abuse of discretion. *Khoobehi Properties, LLC v. Baronne Dev. No. 2, L.L.C.*, 16-506 (La. App. 5 Cir. 3/29/17), 216 So.3d 287, 303, *writ denied*, 17-0893 (La. 9/29/17), 227 So.3d 288.

La. C.C.P. art. 1422 provides the scope of discovery, in general, to wit:

> Unless otherwise limited by order of the court in accordance with this Chapter, the scope of discovery is as set forth in this Article and in Articles 1423 through 1425.

> Parties may obtain discovery regarding any matter, *not privileged*, which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the party seeking discovery or to the claim or defense of any other party, including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter. It is not ground for objection that the information sought will be inadmissible at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence.

(Emphasis added.)

Thus, the first determination to be made concerning whether the trial court abused its discretion in denying relators' motion to compel is whether the discovery documentation requested by plaintiffs is privileged under La. R.S. 13:3715.3.

The Louisiana Supreme Court, in *Smith v. Lincoln Gen. Hosp.*, 605 So.2d 1347, 1348 (La. 1992), in considering the scope of both La. R.S. 13:3715.3 and La. R.S. 44:7,[2] stated:

> … These provisions are intended to provide confidentiality to the records and proceedings of hospital committees, not to insulate

---

[2] La. R.S. 44:7 provides, in pertinent part:

D. The records and proceedings (1) of any public hospital committee, medical organization committee, or extended care facility committee established under state or federal law or regulations or under the bylaws, rules, or regulations of such organization or institution or (2) of any hospital committee, medical organizational committee, or extended care facility committee established by a private hospital licensed under the provisions of R.S. 40:2100 *et seq.* shall be confidential and shall be used by such committee and the members thereof only in the exercise of the proper functions of the committee and shall not be public records and shall not be available for court subpoena. …

19-C-268                                        5

from discovery certain facts merely because they have come under the review of any particular committee. Such an interpretation could cause any fact which a hospital chooses to unilaterally characterize as involving information relied upon by one of the sundry committees formed to regulate and operate the hospital to be barred from an opposing litigant's discovery regardless of the nature of that information. Such could not have been the intent of the legislature, especially in light of broad scope given to discovery in general. La. C.C.P. art. 1422. Further, privileges, which are in derogation of such broad exchange of facts, are to be strictly interpreted.

… Nevertheless, when a plaintiff seeks information relevant to his case that is not information regarding the action taken by a committee or its exchange of honest self-critical study but merely factual accountings of otherwise discoverable facts, such information is not protected by any privilege as it does not come within the scope of information entitled to that privilege.

This does not mean that the plaintiff is entitled to the entire study, as such study may contain evidence of policy making, remedial action, proposed courses of conduct, and self-critical analysis which the privilege seeks to protect in order to foster the ability of hospitals to regulate themselves unhindered by outside scrutiny and unconcerned about the possible liability ramifications their discussions might bring about. As such, the trial court must make an *in camera* inspection of such records and determine to what extent they may be discoverable. …

In 2016, in *Billeaudeau v. Opelousas General Hospital Authority*, 16-0846 (La. 10/19/16), 218 So.3d 513, a suit filed on behalf of a patient for medical malpractice and negligent credentialing, the Louisiana Supreme Court resolved the conflict between the Louisiana circuit courts as to whether negligent credentialing causes of action arise in general negligence or within the purview of the Louisiana Medical Malpractice Act. The court found that the cause of action for negligent credentialing sounds in general negligence, rather than within the purview of the Louisiana Medical Malpractice Act and its limitations on liability. *Id.* at 527.

In *Culotta v. Ochsner Clinic Foundation*, 17-41 (La. App. 5 Cir. 2/15/17) (unpublished writ disposition), this Court stated:

The peer review privilege is not a blanket protection for *all* documents included in an internal peer review. The *in camera* review process necessarily ensures that the hospital/healthcare provider has not claimed as privileged, documents and factual information that, for whatever reason, is unavailable through the ordinary process of discovery. That the legislature intended for the same factual

information and documentation used by the peer review committee for its own internal analysis to be available to a litigant in the normal course of discovery is indicated by the exception stated in the statute:

> [N]o original record or document, which is otherwise discoverable, prepared by any person, other than a member of the peer review committee or the staff of the peer review committee, may be held confidential solely because it is the only copy and is in the possession of a peer review committee. La. R.S. 13:3715.3(A)(2).

> Such an interpretation is additionally consistent with our rules of evidence which allow for broad discovery and require the narrow construction of statutes granting privilege. … (Emphasis in original.)[3]

In the present case, the writ application and the oppositions thereto do not reflect that the trial court conducted an *in camera* review of the discovery documentation at issue before denying relators' motion to compel. Because the trial court did not conduct an *in camera* review of the discovery documentation at issue, we find that it did not have sufficient information before it to determine the applicability, if any, of La. R.S. 13:3715.3 to the discovery documentation at issue. Accordingly, in light of the applicable statutes and jurisprudence noted above, we find that in the present case, an *in camera* review by the trial court of the discovery documentation at issue is required for a proper determination to be made by the trial court as to whether the privilege provided in La. R.S. 13:3715.3 is applicable to the discovery documentation at issue.

## CONCLUSION

For the foregoing reasons, we grant this writ application, vacate the trial court judgment in question, and remand this matter for the trial court to conduct an

---

[3] Noteworthy, in *Tebault, et al, v. East Jefferson General Hospital, et al*, 18-539 (La. App. 5 Cir. 2/15/17) (unpublished writ disposition), *writ denied*, 19-0641 (La. 6/17/19), --- So.3d ---, at issue was the trial court's denial of East Jefferson General Hospital's "Motion for Summary Judgment Regarding Immunity." After thoroughly reviewing and addressing whether the defendants hospital and physician were immunized from damages as to a negligent credentialing claim under La. R.S. 13:3715.3(C) and 42 U.S.C. § 11101, the federal Health Care Quality Improvement Act ("HCQIA"), this Court concluded as follows, to-wit:

> After a thorough review of both the Louisiana jurisprudence and legislative intent as to the enactment of the immunity provisions of the HCQIA and La. R.S. 13:3715.3(C) as it relates to hospital immunity, and jurisprudence from the other forty-nine states, as well as a *de novo* review of the record before us, we find that the federal and state immunity provisions do not provide EJGH immunity in patient-brought suits for causes of action arising from negligent credentialing of a healthcare professional. Therefore, the relief requested in relator's writ application is denied.

*in camera* review of the discovery documentation at issue to determine the

applicability, if any, of the privilege provided in La. R.S. 13:3715.3, with the

following instructions, to-wit:

> Respondent WJMC shall produce to the trial court, *under seal*, for an *in camera* review, the documents requested by relators responsive to the discovery requests in their entirety, with proposed redactions of the analysis and conclusions of the peer review panel claimed by WJMC to be privileged. As to any purely factual information available to relators through other means of discovery, WJMC shall provide a statement indicating where and how such information is otherwise available to relators. After conducting an *in camera* review of the documentation provided, the trial court should render judgment either denying the motion to compel and clearly stating that the documents and information sought are protected by the statutory privilege under La. R.S. 13:3715.3 and contain no factual accountings or documentation otherwise unavailable through ordinary discovery, or it should render judgment granting the motion to compel and clearly indicating which documents are to be produced, either in their entirety or with redactions, and providing all respondents with the opportunity to seek supervisory review of that determination prior to production of those documents to relators. *See Culotta v. Ochsner Clinic Foundation, et al*, *supra*.

**WRIT GRANTED; JUDGMENT VACATED;**
**MATTER REMANDED WITH INSTRUCTIONS**

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
ROBERT A. CHAISSON
STEPHEN J. WINDHORST
HANS J. LILJEBERG
JOHN J. MOLAISON, JR.

JUDGES

MARY E. LEGNON
INTERIM CLERK OF COURT

CHIEF DEPUTY CLERK

SUSAN BUCHHOLZ
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF JUDGMENT AND CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE OPINION IN THE BELOW-NUMBERED MATTER HAS BEEN DELIVERED IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 2-16.4 AND 2-16.5** THIS DAY **AUGUST 28, 2019** TO THE TRIAL JUDGE, CLERK OF COURT, COUNSEL OF RECORD AND ALL PARTIES NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

_____
MARY E. LEGNON
INTERIM CLERK OF COURT

## 19-C-268

### E-NOTIFIED

24TH JUDICIAL DISTRICT COURT (CLERK)
HONORABLE NANCY A. MILLER (DISTRICT JUDGE)
MARK E. KAUFMAN (RESPONDENT)          BRYAN J. KNIGHT (RESPONDENT)

### MAILED

PETER J. BUTLER, JR. (RESPONDENT)          TIMOTHY R. RICHARDSON (RELATOR)
RICHARD G. PASSLER, JR. (RESPONDENT)       ATTORNEY AT LAW
MICHAEL C. LUQUET (RESPONDENT)             POST OFFICE BOX 310
LYDIA H. TOSO (RESPONDENT)                 MADISONVILLE, LA 70447
ATTORNEYS AT LAW
909 POYDRAS STREET
SUITE 1500
NEW ORLEANS, LA 70112